IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| In re | § § § | |
| AUTOSEIS, INC., | § § | Case No. 14-20130 |
| Debtor. | § § | Chapter 11 |
| | § § | |
| In re | § § § | |
| GLOBAL GEOPHYSICAL SERVICES, INC., | § § | Case No. 14-20131 |
| Debtor. | § § | Chapter 11 |
| | § § | |
| In re | § § | |
| GLOBAL GEOPHYSICAL EAME, INC., | § § | Case No. 14-20132 |
| Debtor. | § § | Chapter 11 |
| | § § | |
| In re | § § § | |
| GGS INTERNATIONAL HOLDINGS, INC., | § § | Case No. 14-20133 |
| Debtor. | § § | Chapter 11 |
| | § § | |
| In re | § § § | |
| ACCRETE MONITORING, INC., | § § | Case No. 14-20134 |
| Debtor. | § § § § | Chapter 11 |

| | | |
|---|---|---|
| In re | § | |
| | § | |
| AUTOSEIS DEVELOPMENT COMPANY, | § | Case No. 14-20135 |
| | § | |
| Debtor. | § | Chapter 11 |
| | § | |
| | § | |

**DEBTORS' EMERGENCY MOTION FOR AN ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

**NOTICE UNDER BLR 9013-1(b) AND 9013-1(i)**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER.  IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Autoseis, Inc., a Texas corporation, files this Motion for An Order Directing Joint Administration of Chapter 11 Cases (the "Motion").  In support of the Motion, Autoseis, Inc. incorporates by reference the Declaration of Sean M. Gore in Support of First Day Motions and

Applications, dated March 25, 2014 (the "First Day Declaration") and respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. § 1334. The Court's consideration of this Motion is a core proceeding under 28 U.S.C. § 157(b)(1). Venue of this proceeding is proper in this district pursuant to 28 U.S.C. § 1408.

## PROCEDURAL BACKGROUND

2. On March 25, 2014 (the "Petition Date"), Autoseis, Inc. filed voluntary petitions for relief in this Court under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

3. Autoseis, Inc. remains in possession of its property and is operating its business as debtor-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee has been appointed in this chapter 11 case.

## BACKGROUND

4. A detailed description of the Debtors' business, capital structure, and the events leading to these chapter 11 cases is fully set forth in the First Day Declaration and is incorporated herein by reference.

## RELIEF REQUESTED

5. Pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015 of the Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Local Rules"), Autoseis, Inc. requests entry of an order directing the joint administration of the chapter 11 cases of debtors Autoseis, Inc.; Global Geophysical Services, Inc.; Global Geophysical EAME, Inc.; GGS International Holdings, Inc.; Accrete Monitoring, Inc.; and Autoseis Development Company (collectively, the

"Debtors") for procedural purposes only and directing the Clerk of the Court to maintain one file and one docket for all six of the Debtors' chapter 11 cases under the case name and number assigned to Autoseis, Inc.

6. Autoseis, Inc. requests that the order on this Motion provide that nothing contained in the order be deemed or construed as directing or otherwise effecting a substantive consolidation of the above-captioned cases.

7. Autoseis, Inc. requests that the Court direct the Clerk of the Court to make a notation substantially similar to the following on the docket of each of these chapter 11 cases:

> An order has been entered in this case directing the joint administration of the chapter 11 cases of Autoseis, Inc.; Global Geophysical Services, Inc.; Global Geophysical EAME, Inc.; GGS International Holdings, Inc.; Accrete Monitoring, Inc.; and Autoseis Development Company. The docket in Case No. 14-20130 should be consulted for all matters affecting this case.

8. Autoseis, Inc. requests that the caption of these chapter 11 cases be modified to reflect their joint administration under the lead chapter 11 case of Autoseis, Inc., as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **In re** § | | **Chapter 11** |
| § | | |
| **AUTOSEIS, INC.,** *et al.*, § | | **Case No. 14-20130** |
| § | | |
| **Debtors.** § | | **Jointly Administered** |
| § | | |
| § | | |

### BASIS FOR RELIEF

9. Joint administration of the Debtors' chapter 11 cases is warranted in accordance with Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1. Bankruptcy Rule 1015(b)

states in part that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order joint administration of the estates."

10. Autoseis, Inc.; Global Geophysical EAME, Inc.; GGS International Holdings, Inc.; and Accrete Monitoring, Inc. are wholly owned subsidiaries of Global Geophysical Services, Inc. Autoseis Development Company is a wholly owned subsidiary of Autoseis, Inc. Consequently, the Debtors are affiliates as defined by section 101(2) of title 11 of the United States Code and are appropriate candidates for joint administration under Bankruptcy Rule 1015(b).

11. Joint administration of these cases will eliminate the need for duplicative notices, applications, and orders, thereby saving considerable time and expense for the Debtors, their estates, and the Court. Additionally, supervision of the administrative aspects of these chapter 11 cases by the Office of the United States Trustee will be simplified.

12. Because this is not a motion for substantive consolidation of the Debtors' estates, the rights of the creditors of the Debtors will not be affected adversely by the joint administration of these cases because each creditor may file its claim against a particular estate. In fact, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration.

13. Autoseis, Inc. is aware of no facts that may give rise to actual or potential conflicts of interest warranting protection of the interests of creditors of the Debtors' estates and respectfully assert that such creditors' interests would not be jeopardized by the joint administration of the Debtors' cases.

14. By reason of the foregoing, Autoseis, Inc. submits that the interest of each Debtor, its creditors, and its equity security holders will best be served by the joint administration of these cases and that the Motion should be granted.

## NOTICE

15. Notice of this Motion has been provided by overnight delivery, hand deliver, e-mail, or facsimile to: (a) the Debtors and the Debtors' professionals; (b) the United States Trustee for the Southern District of Texas; (c) any debtor-in-possession lender in these cases; (d) TPG Specialty Lending, Inc. and its counsel; (e) Tennenbaum Capital Partners, LLC and its counsel; (f) Bank of New York Mellon Trust Company, N.A. as indenture trustee; (g) the 30 largest unsecured creditors of the Debtors on a consolidated basis; (h) the Securities and Exchange Commission; (i) the Internal Revenue Service; (j) all statutory committees appointed in these cases; (k) all parties requesting notice under Rule 2002 of the Federal Rules of Bankruptcy Procedure; and (l) all parties on whom the Court orders notice.

WHEREFORE, Autoseis, Inc. respectfully requests that the Court enter an order, substantially in the form attached hereto, directing the joint administration of these chapter 11 cases for administrative purposes only, and granting such other and further relief as the Court deems just and proper.

Date: March 25, 2014          Respectfully submitted,

            BAKER BOTTS L.L.P.

            */s/ C. Luckey McDowell*
            C. Luckey McDowell, State Bar No. 24034565
            Omar Alaniz, State Bar No. 24040402
            Ian E. Roberts, State Bar No. 24056217
            2001 Ross Avenue
            Dallas, Texas 75201
            Telephone: 214.953.6500
            Facsimile: 214.953.6503
            Email: *luckey.mcdowell@bakerbotts.com*
               *omar.alaniz@bakerbotts.com*
               *ian.roberts@bakerbotts.com*

            JORDAN, HYDEN, WOMBLE, CULBRETH &
            HOLZER, P.C.

            Shelby A. Jordan, State Bar No. 11016700
            Nathaniel Peter Holzer, State Bar No. 00793971
            Suite 900, Bank of America
            500 North Shoreline
            Corpus Christi, Texas 78471
            Telephone: 361.884.5678
            Facsimile: 361.888.5555
            Email: *sjordan@jhwclaw.com*
               *pholzer@jhwclaw.com*

            **PROPOSED COUNSEL TO DEBTORS-IN-POSSESSION**