IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| In re | § § § | Chapter 11 |
| AUTOSEIS, INC., *et al.*[1] | § § | Case No. 14-20130 |
| Debtors. | § § § § | Jointly Administered |

**MOTION OF GLOBAL GEOPHYSICAL SERVICES, INC. UNDER FED. R. BANKR. P. 9019(a) TO APPROVE COMPROMISE AND SETTLEMENT**

NOTICE UNDER BLR 9013-1(b)

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE RICHARD SCHMIDT, UNITED STATES BANKRUPTCY JUDGE:

NOW COMES GLOBAL GEOPHYSICAL SERVICES, INC., one of the debtors in the above-styled jointly administered bankruptcy case, and file this Motion of Chapter 11 Debtor Global Geophysical Services, Inc. Under Fed. R. Bankr. P. 9019(a) to Approve Compromise and

---

[1] The Debtors in these chapter 11 cases are: Autoseis, Inc.; Global Geophysical Services, Inc.; Global Geophysical EAME, Inc.; GGS International Holdings, Inc.; Accrete Monitoring, Inc. and Autoseis Development Company.

Settlement ("Motion") to secure approval for a Settlement Agreement (the "Settlement Agreement") by and among Edward Mike Davis, LLC, a Nevada limited liability company, Edward Mike Davis, an individual (collectively, "EMD"), and Global Geophysical Services, Inc., a Delaware corporation ("GLOBAL") ("EMD" and "GLOBAL" also may be collectively referred to as the "Parties," or individually as a "Party") and more particularly described below.

## I.
## JURISDICTION AND CORE ALLEGATIONS

2.  This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b). As a core matter, this Court is authorized to enter a final order subject to review under 28 U.S.C. § 158. The process whereby approval of this settlement is sought is the process specified at Federal Rule of Bankruptcy Procedure 9019(a). Notice is to be given to all creditors and parties-in-interest, including interest holders. The parties to this agreement, as well as those parties-in-interest who are directly benefitted in the Settlement Agreement, all consent to the entry of a final order by this Court.

## II.
## EVIDENTIARY SUPPORT FOR THIS MOTION

3.  The Debtor respectfully requests that this Court take judicial notice of the Court's files. The Debtor may also provide exhibits and testimony, by proffer, subject to cross-examination, at any hearing on this Motion.

## III.
## FACTS

A.  **The Dispute**

4.  Edward Mike Davis, LLC and Global entered into an agreement for a license to 5,120 acres of Silo 3D data on April 4, 2012 ("License"). Pursuant to its terms, the License was

subject to and governed by the terms of Master Data Licensing Agreement #EMD04232012. The License prescribed that the fee for the data was to be $200,000.00.

5.  Edward Mike Davis, LLC represented to Global that a portion of the data subject to the License was not useable. As a customer courtesy, Global voluntary reduced the License fee to $175,000.00 and invoiced Edward Mike Davis, LLC for it on April 25, 2012. As a compromise of a bona fide dispute as to the usability of the data, the Parties entered into an Agreement whereby EMD paid Global the sum of $125,000.00 in accordance with the terms of this settlement ands mutual release agreement.

6.  As of the date of this Agreement, Global has received funds in satisfaction of the terms of this Agreement. On March 25, 2014 ("Petition Date"), Global filed for protection under Title 11 of the Bankruptcy Code and it is currently a Debtor in jointly administered Case No. 14-20130 pending in the United States Bankruptcy Court for the Sothern District of Texas, Corpus Christi Division. The exact terms of the settlement had yet to be memorialized by a written Settlement Agreement.

B.  **Factual Justification for the Settlement and Its Approval**

7.  From the Debtor's perspective, the settlement will resolve all the outstanding issues presented by EMD, will limit the cost of collection and any possible additional reductions that EMD may receive in resolution of this matter. In the Debtor's business judgment the Settlement Agreement is in the best interests of the Debtor, its Creditors and the Bankruptcy Estate.

8.  The necessary payment of $125,000.00 is currently in the possession of the Debtor. Retention of this payment will have a positive financial impact on the Debtor, its creditors or the Bankruptcy Estate.

9. While the settlement was entered into prior to the Petition Date, it remained completed, as the exact terms of the agreement had not been memorialized in a written Settlement Agreement on the Petition Date.

10. The Settlement Agreement as attached as Exhibit A, setting out in detail the terms of the settlement for the Court's consideration.

## IV.
## LEGAL AUTHORITY SUPPORTING RELIEF REQUESTED

11. Pursuant to 11 U.S.C. § 105(a) and Federal Rules of Bankruptcy Procedure 9019(a), this Court may approve the compromise reached by Parties. "One of the goals of Congress in fashioning the Bankruptcy Code was to encourage parties in a distress situation to work out a deal among themselves." *In re Mirant Corp.*, 334 B.R. 800, 811 (Bankr. N.D. Tex. 2005). "Compromises are favored in bankruptcy" because they minimize the litigation costs and further the parties' interest in expediting the administration of a bankruptcy case." *In re Martin,* 91 F.3d 389, 393 (3d Cir. 1996), *quoting* 9 COLLIER ON BANKRUPTCY ¶ 9019.03[1] (15th ed. rev. 1993).

12. Bankruptcy Rule 9019 governs the procedural requirements to be followed before the settlement may be approved. Bankruptcy Rule 9019(a) provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise and settlement. The rule empowers a bankruptcy court to approve compromises and settlements if they are "'fair and equitable and in the best interest of the estate.'" *In re Cajun Elec. Power Coop., Inc.,* 119 F.3d 349, 355 (5th Cir. 1997); *In re Foster Mortgage Corp.,* 68 F. 3d 914, 917 (5th Cir. 1995). Moreover, § 105(a) states "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

13. Approval is left to the sound discretion of the reviewing court. *See, e.g., In re Hibbard Brown & Co., Inc.*, 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998), which notes that courts should exercise their discretion "in light of the general public policy favoring settlements." The burden of establishing the fairness of a compromise rests on the proponent(s); however, a debtor in possession or trustee is not required to present a full mini-trial or evidentiary hearing to adjudicate the issues being settled. Rather, when determining whether to approve the compromise, the Court "is not to decide the numerous questions of law and fact raised" but is to canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." *ARS Brook, LLC, v. Jalbert (In re ServiSense.com, Inc.),* 382 F.3d 68. 72 (1st Cir. 2004).

14. In determining whether a proposed compromise is fair and equitable, the Court should consider those facts set out in *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424 (1968), which include:

   a. The probabilities of ultimate success should the claim be litigated;

   b. An educated estimate of (1) the complexity, expense, and likely duration of such litigation; (ii) possible difficulties of collecting on any judgment which might be obtained; and (iii) all other factors relevant to a full and fair assessment of the wisdom of the compromise; and

   c. A comparison of the terms of the settlement and compromise with the likely rewards of litigation.

15. Almost forty years ago, the Fifth Circuit, in a case filed under the Bankruptcy Act of 1898, added two other considerations. The reviewing court should also consider uncertainties

of fact or law, which would impact the litigation and the delay, and inconvenience of the litigation. *See In re Jackson Brewing Co.,* 624 F.2d 599, 604 (5th Cir. 1980).

16. All of the factors are in favor of this Court approving this settlement as set out in the Agreement.

## V.
## CONCLUSION AND REQUEST FOR RELIEF

17. The factual recitations and terms of the compromise as set out herein clearly support an order approving the proposed compromise and settlement. Given the complexities of the issues and the stakes involved, both parties have reached a reasonable settlement, which this Court should approve.

## VI.
## NOTICE

18. Notice of this Motion has been provided by the Debtors' Claims and Servicing Agent Prime Clerk LLC to: (a) the Debtors and the Debtors' professionals; (b) the United States Trustee for the Southern District of Texas; (c) the debtor-in-possession lenders in these cases; (d) TPG Specialty Lending, Inc. and its counsel; (e) Tennenbaum Capital Partners, LLC and its counsel; (f) Bank of New York Mellon Trust Company, N.A. as indenture trustee; (g) the 30 largest unsecured creditors of the Debtors on a consolidated basis; (h) the Securities and Exchange Commission; (i) the Internal Revenue Service; (j) all statutory committees appointed in these cases; (k) all parties requesting notice under Rule 2002 of the Federal Rules of Bankruptcy Procedure; and (l) all parties on whom the Court orders notice. The Debtors believe that the notice provided for herein is fair and adequate and no other or further notice is necessary.

WHEREFORE, PREMISES CONSIDERED**,** the Debtor respectfully requests the Court enter an Order approving the Compromise and Settlement and for such other relief as is just.

Dated: April 11, 2014

Respectfully submitted,

BAKER BOTTS L.L.P.

C. Luckey McDowell, State Bar No. 24034565
Omar Alaniz, State Bar No. 24040402
Ian E. Roberts, State Bar No. 24056217
2001 Ross Avenue
Dallas, TX 75201
Telephone: 214.953.6500
Facsimile: 214.953.6503
Email: *luckey.mcdowell@bakerbotts.com*
*omar.alaniz@bakerbotts.com*
*ian.roberts@bakerbotts.com*

JORDAN, HYDEN, WOMBLE, CULBRETH & HOLZER, P.C.

*/s/ Harlin C Womble Jr.*
Shelby A. Jordan, State Bar No. 11016700
Harlin C. Womble, Jr., State Bar No. 21880300
Nathaniel Peter Holzer, State Bar No. 00793971
500 North Shoreline Blvd., Suite 900
Corpus Christi, TX 78401
Telephone: 361.884.5678
Facsimile: 361.888.5555
Email: *sjordan@jhwclaw.com*
*hwomble@jhwclaw.com*
*pholzer@jhwclaw.com*

**COUNSEL TO DEBTORS-IN-POSSESSION**