IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | § | |
|---|---|---|
| In re | § | **Chapter 11** |
| | § | |
| **AUTOSEIS, INC.,** *et al.* | § | **Case No. 14-20130** |
| | § | |
| Debtors. | § | **Jointly Administered** |
| | § | |
| | § | |

**DIP LENDERS' EMERGENCY MOTION TO QUASH
SECURED LENDERS' SUBPOENA *DUCES TECUM***

**NOTICE UNDER BLR 9013-1(b) AND 9013-1(i)**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**THERE WILL BE A HEARING ON THIS MOTION ON <u>APRIL 14, 2014 AT 10:00 A.M.</u> BEFORE THE HONORABLE RICHARD SCHMIDT AT 1133 NORTH SHORELINE BLVD., SECOND FLOOR, CORPUS CHRISTI, TEXAS 78401.**

Pursuant to Federal Rules of Civil Procedure 26 and 45, as made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7026 and 9016, ASOF II Investments, LLC, Candlewood Special Situations Master Fund, Ltd., PEAK6 Achievement Master Fund Ltd., Credit Suisse Loan Funding LLC, Third Avenue Focused Credit Fund, CWD OC 522 Master Fund, Ltd., and Wingspan Master Fund, LP (collectively, the "DIP Lenders") file this Motion to Quash the Subpoenas *Duces Tecum* (the "Subpoenas") served on each of them by TPG Specialty Lending, Inc. and Tennenbaum Capital Partners LLC (collectively, the "Secured Lenders") and would respectfully show the Court as follows:

## I.  PRELIMINARY STATEMENT

1.      The current dispute concerns whether Debtors may obtain post-petition financing (the "DIP Financing") from the DIP Lenders secured by a first-priority priming lien against Debtors' property, and whether the Secured Lenders' liens and rights are adequately protected under the Bankruptcy Code after giving effect to the incurrence of such DIP Financing.[1]  Thus, given the limited facts in issue, the Secured Lenders should be able to obtain the limited factual discovery they need to prosecute their objection directly from the Debtors as the DIP Lenders have no facts that relate to those issues.

2.      The DIP Lenders will designate a valuation expert and comply with the federal rules regarding expert document production and discovery.  To the extent such valuation expert develops valuation analysis and such valuation analysis is relied upon by the testifying expert, it will be produced.  However, anything short of that – including the DIP Lenders' own internal

---

[1] The Debtors in this consolidated bankruptcy proceeding are Autoseis, Inc., Global Geophysical Services, Inc., Global Geophysical EAME, Inc., GGS International Holdings, Inc., Accrete Monitoring, Inc., and Autoseis Development Company.

valuations (if any) and communications – is privileged, proprietary, confidential, and protected from disclosure.

3.      Through their Subpoenas, the Secured Lenders have gone far beyond the permissible scope of discovery, and the Subpoenas constitute a fishing expedition; indeed, the Subpoenas are designed to harass the DIP Lenders into spending needless time responding to unnecessary discovery and document requests in an attempt to force the DIP Lenders not only to waste valuable estate assets (i.e., the proceeds of the DIP Financing loan) in responding thereto, but also to force the DIP Lenders to relent in their attempt to provide "priming" DIP loans to the Debtors.[2]  The DIP Lenders should not be subject to this overreaching and harassment.

## II.  FACTUAL BACKGROUND

4.      On March 25, 2014 (the "Petition Date"), the Debtors field a voluntary petition for relief in this Court under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

5.      The Debtors remain in possession of their property and are operating their business as debtors-in-possession, pursuant to section 1107 and 1108 of the Bankruptcy Code.

### A.      The Debtors Seek and Obtain DIP Financing from the DIP Lenders.

6.      As part of their "First Day Motions," Debtors filed an *Emergency Motion for Entry of Interim and Final Orders (i) Authorizing Debtors to (a) obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), and 364(e) and (b) Use Cash Collateral Pursuant to 11 U.S.C. § 363, (ii) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364, and (iii) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c)* (the "DIP Motion").  Dkt. No. 13.

---

[2] The DIP Lenders believe that the same analysis can be applied to much of the fishing expedition that the Secured Lenders have served on the Debtors.

7.     As explained more fully therein, the DIP Motion sought authorization for Debtors to obtain post-petition financing from the DIP Lenders secured by a first-priority priming lien against Debtors' property.  The proposed DIP Financing provided for a fully underwritten $60 million multiple draw term loan facility, available in two tranches: $25 million upon entry of the Interim Order and an additional $35 million upon entry of the Final Order.

8.     The Court held a hearing on the DIP Motion on March 27, 2014 where it heard testimony from Debtors' Chief Financial Officer, Debtors' expert, and the DIP Lenders' expert regarding the proposed DIP Financing, the superiority of the DIP Lenders' proposal over any post-petition financing proposal from the Secured Lenders, and the Secured Lenders' adequate protection under the proposed DIP Facility given, among other reasons the substantial equity cushion.  The Secured Lenders did not present any witnesses at the March 27th hearing.

9.     After the hearing, the Court granted the Debtors' requested interim relief as to the initial $25 million tranche of DIP Financing, and entered its *Interim Order (i) Authorizing Debtors to (a) obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), and 364(e) and (b) Use Cash Collateral Pursuant to 11 U.S.C. § 363, (ii) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364, and (iii) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c)* (the "Interim Order").  Dkt. No. 64.

10.    The Final Hearing on Debtors' DIP Motion is currently scheduled for April 25, 2014 at 10:00 a.m.

**B.      Secured Lenders Serve Unduly Burdensome Subpoenas on the DIP Lenders Seeking Documents.**

11.      On April 2, 2014, the Secured Lenders served their Subpoenas on each of the DIP Lenders.  True and correct copies of the Subpoenas are attached hereto as <u>Exhibit 1</u>.  Generally, the Subpoenas seek the following categories of documents from the DIP Lenders.

1.  Documents and correspondence exchanged with Debtors since January 1, 2014 (with no limitation concerning subject matter).

2.  Documents and correspondence exchanged with any other Bondholders since January 1, 2014 (with no limitation concerning subject matter).

3.  All valuations of Debtors and related work papers.

4.  Documents concerning Debtors' contention that the Secured Lenders have a substantial "equity cushion."

5.  Documents concerning the DIP Lenders' trading history in Debtors' bonds.

6.  Documents concerning Debtors' cash projections or business forecast.

7.  Documents concerning any actual or potential sale of Debtors.

8.  Documents concerning any strategic combination with Geokinetics, Inc.

12.      On April 2, 2014, the Secured Lenders also served their *Request for Production of Documents on Debtors*, seeking 60 different categories of documents, including many of the exact same categories of documents they also sought from the DIP Lenders through the Subpoenas.

13.      On April 9, 2014, the DIP Lenders served their *Objections to Secured Lenders Subopena Duces Tecum*.  Refusing to be subject to the Secured Lenders' harassment and improper fishing expedition, the DIP Lenders objected and refused to produce any documents. However, the DIP Lenders made clear that they would present their expert for discovery and engage in the requisite expert discovery pursuant to the Federal Rules.

### III.  ARGUMENTS AND AUTHORITIES

14.     The Subpoenas should be quashed because they impose an undue burden on the DIP Lenders, seek confidential and proprietary information, and are cumulative and duplicative of discovery served on Debtors.  Specifically, Requests 3, 4, and 5 (the "Valuation Requests") should be quashed because they demand information concerning the DIP Lenders' internal analysis and valuations of Debtors which are confidential, proprietary, and irrelevant, especially in light of the DIP Lenders' intent to present its case through expert testimony.  Also, the DIP Lenders are competitors with the Secured Lenders and any attempts to force the DIP Lenders to expose their proprietary modeling and analysis to a competitor must be prohibited.  Additionally, Requests 1, 4, 6, and 7 (the "Duplicative Requests") should be quashed because they seek information already available (and already requested) from another, less-burdensome source— the Debtors.  Finally, Requests 1, 2, and 8 (the "General Requests") should be quashed because they make no attempt to limit their scope to relevant information.

### A.     Standards for Quashing a Subpoena

15.     A court "must quash or modify a subpoena" that "subjects a person to undue burden," and may do so if the subpoena requires "disclosing a trade secret or other confidential research, development, or commercial information."   Fed. R. Civ. P. 45(c)(3)(A)(iv), 45(c)(3)(B)(i).  The Fifth Circuit considers the following factors in determining whether a subpoena presents an undue burden: "(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document requested; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed."  *Wiwa v. Royal Dutch Petrol. Co.*, 392 F.3d 812, 818 (5th Cir. 2004).

16.     "Whether a subpoena subjects a witness to an undue burden generally raises a question of the subpoena's reasonableness, which requires a court to balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it." *Positive Black Talk, Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 377 (5th Cir. 2004) (internal quotations omitted), *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick*, 599 U.S. 154 (2010).  This balance of benefits and burdens requires the court "to consider whether the information is necessary and unavailable from any other source."  *Id.*

### B.     The Valuation Requests Should be Quashed Because they Seek Information That is Confidential and Irrelevant.

17.     The Valuation Requests (i.e., Requests 3-5) seek information regarding the DIP Lenders' internal analysis, proprietary modeling and valuation analysis of the Debtors.  These requests impose an undue burden on the DIP Lenders because such information is confidential, proprietary, and irrelevant.  Competitors should never be forced to disclose this information to another unless the information goes ***directly*** to the heart of the underlying issue in dispute which it does not in this case.  In this case, the DIP Lenders' proprietary modeling and analysis is not admissible, not likely to lead to admissible evidence, and not relevant to the issues before the Court.  As a result, the Valuation Requests should be quashed.  *See In re Stewart Title Co.*, No. H-09-247, 2009 WL 1708079, at *2 (S.D. Tex. June 17, 2009); *Education Logistics, Inc. v. Laidlaw Transit, Inc.*, No. 3-11-MC-036-L-BD, 2011 WL 1348401, at *4 (N.D. Tex. Apr. 8, 2011).

18.     The case of *In re Stewart Title* from the Southern District of Texas speaks clearly in favor of the DIP Lenders on this point.  In that case, Stewart Title Company ("STC") was subpoenaed by defendant Alltech to produce documents regarding STC's internal evaluations of plaintiff Myriad's business.  *In re Stewart Title*, 2009 WL 1708079, at *1.  Alltech argued it

needed such analysis because an expert for Myriad calculated "loss of enterprise value" damages based in part on a letter of intent in which STC made an offer for one of Myriad's businesses.  *Id.* STC objected, claiming that its methodology and results in evaluating Myriad was highly sensitive confidential information.  *Id.* The *Stewart Title* court agreed with STC, and held that the confidential information should be produced only if Alltech could demonstrate a substantial need for it.  *Id.* at *2.

19.    The court ultimately held that there was no such substantial need because Alltech had the same information available to it upon which STC—and thereby, its expert—relied.  As a result, Alltech was capable of retaining its own expert to calculate a competing valuation and damages amount without prying into STC's sensitive confidential analysis.  *Id.* (noting that "[t]he only issue relevant to the discovery sought is the value of Myriad for a damage calculation.  What [STC] thought the value of Myriad was is one step removed").  Based largely on this reasoning, the court quashed Alltech's subpoena requests.  *Id.* at *2-3.  *See also Education Logistics*, 2011 WL 1348401, at *2-3 (denying motion to compel which requested documents relating to certain transactions, proposals, and agreements of the subpoenaed party because such information was proprietary and confidential and the requesting party failed to show a need for the information outweighing those interests).

20.    Here, for similar reasons, the Valuation Requests should be quashed because they seek production of the DIP Lenders' confidential and sensitive information concerning Debtors' valuation.  As *Stewart Title* makes clear, a party's internal valuation methodology and results thereof is highly sensitive and confidential.  *See In re Stewart Title*, 2009 WL 1708079, at *1-2.  This factor alone is independent grounds to quash the Valuation Requests.  *See* Fed. R. Civ. P. 45(c)(3)(C)(i) (granting court authority to quash or modify a subpoena requiring the disclosure of

trade secret or confidential information).  As a result, the DIP Lenders should not be required to divulge their proprietary work product.

21.     Further, the Secured Lenders are unable to show a substantial need for the DIP Lenders' valuation documents because the information is irrelevant to the issues in this dispute given the DIP Lenders' intent to present their case solely through an expert.  The primary issues in this dispute are the valuation, adequate protection, and the equity cushion of Debtors in relation to the Secured Lenders' Financing Facility.  The DIP Lenders have designated an expert who will testify as to the valuation, adequate protection, and the equity cushion of Debtors.  This expert will speak for all the DIP Lenders and will put forth the DIP Lenders' official position on these issues.

22.     Significantly, the DIP Lenders will not rely on their own internal analysis or operational information in support of their position on these issues.[3]  Thus, any such internal analysis by the DIP Lenders has no bearing on the issues in this case because the DIP Lenders do not rely on such information here.

23.     Moreover, to the extent there are any such documents in the DIP Lenders' possession useful in determining the Debtors' value, those documents would be referenced by the DIP Lenders' expert and hence discoverable under applicable expert discovery rules.  As a result, any other back-of-the-napkin type valuations of the DIP Lenders are entirely irrelevant to this dispute.

24.     Like the *Stewart Title* case, the DIP Lenders in this case seek to avoid production of internal analyses and valuations that will ultimately have no impact on the outcome of this

---

[3]  Indeed, there would likely be no point, as courts are understandably skeptical regarding the reliability of internal valuations.  *See, e.g.*, *Heller v. Am. Indus. Props. Reit*, 156 F. Supp. 2d 645, 650 (W.D. Tex. 2000) (citing *Flynn v. Bass Bros. Enterprises, Inc.*, 744 F.2d 978, 989 (3d Cir. 1984)).

dispute.  Also like in *Stewart Title*, the DIP Lenders have designated an expert which they will produce for deposition.  At that point, the Secured Lenders can inquire from the expert as to the DIP Lenders' assertions regarding the Debtors' value as well as the basis for those assertions.  For this reason, the Secured Lenders have no legitimate purpose for obtaining the DIP Lender's sensitive confidential information—much less a substantial need that would override the DIP Lenders' interest in protecting such information.  Consequently, the Valuation Requests should be quashed.

        **C.**     **The Duplicative Requests Should be Quashed Because they Seek Information that is Readily Available From Debtors.**

25.     The Duplicative Requests (i.e., Requests 1, 4, 6, and 7) all seek documents that, if they exist at all, are in the Debtors' possession, such as documents reflecting Debtors' business forecasts, cash projections, and documents supporting contentions in the DIP Motion..  The Duplicative Requests impose an undue burden on the DIP Lenders because the Secured Lenders can obtain the requested documents from the Debtors.

26.     Federal Rule of Civil Procedure 26, as made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7026, provides that the court must limit the extent of discovery otherwise allowed by the rules if, "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."  FED. R. CIV. P. 26(b)(2)(C)(i).  In balancing the benefits and burdens for purposes of determining the reasonableness of a request, courts are to "consider whether the information is necessary ***and unavailable from any other source***."  *Positive Black Talk*, 394 F.3d at 377 (emphasis added).

27.     In this case, documents relating to the Duplicative Requests are certainly available from another more convenient, less burdensome source—the Debtors.  Indeed, the Secured

Lenders have already requested from the Debtors the very same documents covered in the Duplicative Requests, and the Debtors are voluntarily producing the requested information.[4] Moreover, the Duplicative Requests themselves read as if they were directed towards the Debtors, not the DIP Lenders, by seeking documents provided to Debtors, documents supporting "Debtors' contention" on the equity cushion, documents concerning "Debtors' cash projections or business forecast," and any actual or potential sale of the Debtors.  Those are the kinds of documents that will be in Debtors' possession, not the DIP Lenders' possession.

28.    The DIP Lenders are not required to incur the unreasonable expense and burden of providing information that is equally available from, and will be produced by, the Debtors. Consequently, the Duplicative Requests should be quashed.

**D.    The General Requests Should be Quashed Because They are Overly Broad and Make No Attempt to Limit Their Scope to Relevant Information.**

29.    Finally, the General Requests (i.e., Requests 1, 2, and 8) seek a broad range of documents without any limitation.  Facially, the Secured Lenders did not even attempt to narrow the following requests to only reach relevant documents to this dispute: "[a]ll documents or correspondence that you have provided to the Debtors" (Request 1), "[a]ll documents or correspondence that you have provided to any Bondholders concerning the Debtors," (Request 2) or "[a]ll documents or correspondence concerning Geokinetics Inc." (Request 8).  There is no limitation in these General Requests.  The General Requests seek the entirety of documents exchanged over the given time period without reference to the documents' subject matter.

30.    Thus, the General Requests impose an undue burden on the DIP Lenders because they require the DIP Lenders to produce documents that have absolutely no relevance to this

---

[4] *See Debtors' Objections and Responses to the Secured Lenders Request for Production of Documents* (indicating that Debtors will produce documents that are responsive to Duplicative Requests including final business plans, long-term forecasts, and projections).

proceeding.  Although such broad requests may encompass documents that may be relevant to this dispute, that information would either be (i) equally available from Debtors and thus duplicative and cumulative pursuant to FED. R. CIV. P. 26(b)(2)(C)(i); or (ii) produced by the DIP Lenders in connection with expert discovery for the reasons discussed above.   Any other documents responsive to these General Requests are wholly irrelevant to this proceeding. Consequently, the General Requests should be quashed.

## IV. <u>CONCLUSION</u>

31.    Therefore, for all the foregoing reasons, this Court should quash the Secured Lenders' Subpoenas and grant the DIP Lenders such other and further relief to which they are entitled to under law or in equity.

DATED:  April 11, 2014

AKIN GUMP STRAUSS HAUER & FELD LLP

By:    */s/ Marty L. Brimmage, Jr.*
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
(214) 969-2800 (Telephone)
(214) 969-4343 (Facsimile)
Charles R. Gibbs (SBN: 07846300)
Marty L. Brimmage, Jr. (SBN: 00793386)
Michael S. Haynes (SBN: 24050735)
Lacy M. Lawrence (SBN: 24055913)

One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
Arik Preis (*pro hac vice* pending)

*Attorneys for the Ad Hoc Group of Noteholders and
the Proposed DIP Lenders*

## CERTIFICATE OF CONFERENCE

I hereby certify that during this week counsel for the DIP Lenders and counsel for the Secured Lenders engaged in various communications concerning the Subpoenas and the DIP Lenders' objections.  The parties were unable to agree on how to deal with this issue and counsel for the Secured Lenders' stated that the parties "need to immediately tee this up before Judge Schmidt."  This afternoon, counsel for the DIP Lenders left a message with counsel for the Secured Lenders in a final attempt to reach agreement. Having not heard back from counsel for the Secured Lender, counsel for the DIP Lender agrees that this issue must be immediately teed up before the Court.

    */s/Marty L. Brimmage, Jr.*
Marty L. Brimmage, Jr.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 11th day of April, 2014, a true and correct copy of this pleading was served via email on (a) counsel for the Secured Lenders and (b) counsel for the Debtors.

*/s/Marty L. Brimmage, Jr.*
Marty L. Brimmage, Jr.

# **Exhibit A**

# United States Bankruptcy Court

### SOUTHERN DISTRICT OF TEXAS

### CORPUS CHRISTI DIVISION

---------------------------------------------------------------X

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : | Case No. 14-20130 (RSS) |
| AUTOSEIS, INC., *et al* [1] | : | (Southern District of Texas – Corpus Christi Division) |
|  | : | (Jointly Administered) |
| Debtors. | : |  |

---------------------------------------------------------------X   **SUBPOENA DUCES TECUM**

TO: ASOF II Investments, LLC  c/o:

Chuck Gibbs and Marty Brimmage Jr          Arik Preis
AKIN GUMP STRAUSS HAUER & FELD          AKIN GUMP STRAUSS HAUER & FELD
1700 Pacific Avenue, Suite 4100                   One Bryant Park
Dallas, TX 75201                                       New York, NY 10036

☐   YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the time, date, and place set forth below to testify at a hearing or trial in this bankruptcy case.  When you arrive, you must remain at the court until the judge or court official allows you to leave.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

You must also bring with you following documents, electronically stored information, or objects: _____

☐   YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case . If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

The deposition will be recorded by this method: _____
☐   You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: _____

☒   YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Schedule A attached.

| PLACE | DATE AND TIME |
|---|---|
| THOMPSON & KNIGHT LLP | **Beginning on a rolling basis starting on** |
| Attn:  Ira L. Herman | **April 9, 2014 and to be completed no** |
| 900 Third Avenue | **later than 5 p.m. (Eastern) on April 15,** |
| 20th Floor | **2014.** |

---

[1] The Debtors in these chapter 11 cases are: Autoseis, Inc. (5224); Global Geophysical Services, Inc. (4281); Global Geophysical EAME, Inc. (2130); GGS International Holdings, Inc. (2420); Accrete Monitoring, Inc. (2256); and Autoseis Development Company (9066).

DOC ID - 21055335.1

| New York, NY 10022<br>Telephone: (212) 751-3001<br><br>Or such other location to be agreed upon by the parties. | |
|---|---|

☐　　　YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

| ATTORNEY'S SIGNATURE | DATE |
|---|---|
| *Tye C. Hancock* by *[signature] (With Permission)* | April 2, 2014 |

The name, address, email address, and telephone number of the attorney representing the secured lenders, who issues or requests this subpoena, are:

> Tye C. Hancock
> THOMPSON & KNIGHT LLP
> 333 Clay Street, Suite 3300
> Houston, Texas 77002
> Telephone: (713) 653-8690

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

I received this subpoena for (*name of individual and title, if any*): _____

on (*date*) _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____


_____

Server's signature

_____

Printed name and title

_____

Server's address

Additional information concerning attempted service, etc.:

DOC ID - 21055335.1

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction —which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information

that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specking Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

## DEFINITIONS

A.      The definitions and rules of construction set forth in Bankruptcy Rule 7026 are incorporated by reference as if set forth fully herein.

B.      The terms "DIP Lender", "your" or "you" includes not only ASOF II Investments, LLC, but also each of its employees, agents, servants, representatives, investigators, attorneys, and any other person acting at any time on its behalf and any other persons who are in possession of or may have obtained information for or on behalf of ASOF II Investments, LLC as to any matter relevant to any subject of this request for documents (the "Requests").

C.      The term "GGS Bonds" means the (i) $200 million aggregate principal amount of 10.5% Senior Notes due 2017 issued by Global Geophysical Services, Inc. pursuant to an indenture dated as of April 27, 2010, and (ii) $50 million aggregate principal amount of 10.5% Senior Notes due 2017 issued pursuant to an indenture dated as of March 28, 2012.

D.      The term "Bondholders" refers to the holders of GGS Bonds.

E.      The term "concerning" means relating to, referring to, describing, evidencing or constituting.  In this regard, a document or correspondence "concerning" a given subject matter means any document or correspondence that relates to, refers to, describes, evidences, constitutes, is incidental to, contains, pertains to, embodies, comprises, reflects, indicates, constitutes, records, memorializes, evaluates, considers, reviews, reports, demonstrates, identifies, discusses, mentions, states, deals with, comments on, responds to, analyzes, or is in any way pertinent to that subject, including, without limitation, documents concerning the presentation of other documents.

F.      The term "correspondence" means documents or communications exchanged or intended to be exchanged by any means between two or more persons.

G.      The term "Debtors" means any or all of: (i) Autoseis, Inc., Global Geophysical Services, Inc., Global Geophysical EAME, Inc., GGS International Holdings, Inc., Accrete Monitoring, Inc., and/or Autoseis Development Company; (ii) any of their respective agents, subsidiaries, affiliates, divisions and branch offices (whether or not legally separate entities), predecessors, or representatives; and (iii) any of their respective employees, officers, directors, agents, financial or business advisors, and attorneys.

H.      The term "DIP Motion" means the Emergency Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to (A) Obtain Postpetition Financing Pursuant to 11 U.S.C. Sections 105, 361, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), and 364(e) and (B) Use Cash Collateral Pursuant to 11 U.S.C. Section 363, (II) Granting Adequate Protection Pursuant to 11 U.S.C. Sections 361, 362, 363, and 364, and (III) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c), filed on March 26, 2014 [Dkt No. 13].

I.      The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

J.      The term "Excel" means Microsoft Excel.

K.      The term "identify" means to identify, describe, define, indicate, list, name, show, specify, set forth, illustrate, portray or represent.

L.      The term "including" means including without limitation.

M.      The term "person" means any natural person or entity, including sole proprietorships, partnerships, corporations, associations, joint ventures, or any other legally recognized entity.

N.      The term "valuation" means any attempt to evaluate, assess, estimate, quantify, appraise, project or otherwise measure the economic, financial, monetary, selling price, net book, liquidation, acquisition, enterprise, fair market, going concern, solvency, or other value of the subject(s) of the valuation.

O.      The terms "you" and "your" refer to the DIP Lender, and its attorneys, employees, consultants, or other agents or representatives.

The following rules of construction shall apply:

P.      The terms "all" and "each" shall be construed as all and each.

Q.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the category all documents that might otherwise be construed to be outside of its scope.

R.      The use of the singular form of any word includes the plural and vice versa.

S.      The use of a verb in any tense shall be construed as the use of that verb in all other tenses whenever necessary to bring within the scope of these Requests all documents that might otherwise be construed as being outside such scope.

## INSTRUCTIONS

i.       In responding to the Requests, DIP Lender is required to produce all responsive documents in DIP Lender's possession, custody or control, including, without limitation, information in the possession, custody or control of any officer, employee, agent, director, manager, members, servant, consultant, representative, attorney, investigator, contractor,

subcontractor or expert, or any other person directly or indirectly employed or retained by DIP Lender, or anyone else who is acting on DIP Lender's behalf or who otherwise is subject to DIP Lender's control.

ii.       To the extent the production of any document is objected to on the basis of privilege, provide the following information about each such document: (1) describe the nature of the privilege claimed (*e.g.*, attorney/client, work product, etc.); (2) state the factual and legal basis for the claim of such privilege (*e.g.*, privileged communication with counsel); (3) identify each person who prepared the document and who has seen the document; and (4) identify any other document that refers to or describes the contents of such document.

iii.      All documents are to be produced in their entirety without abbreviation or expurgation. In making documents available, all documents which are physically attached to each other in files shall be made available in that form. Documents which are segregated or separated from other documents, whether by inclusion in binders, files, sub-files, or by use of dividers, tabs or any other method, shall be made available in that form. Documents shall be made available in the order in which they were maintained.

iv.      If any documents responsive to the Requests are known or believed to have been lost, destroyed, discarded or otherwise disposed of, DIP Lender shall provide, to the extent reasonably possible, a description of the document, its date, author(s), recipient(s) and contents, the date of its loss or other disposition, and the circumstances surrounding its loss or other disposition.

v.      Each Request is continuing in nature and shall be modified or supplemented to include any additional later discovered responsive information, knowledge, data or documents.

vi.         Any document produced through a data room or cd shall require written response identifying the folder in the data room or cd where such document can be located and the specific bates stamp reference of such document.

vii.         Unless otherwise specifically indicated, the following document requests are limited to documents created on or after **September 30, 2013** and relating to any period after **September 30, 2013**.

viii.         In responding to the Requests, DIP Lender is required to produce all responsive documents at the offices of Thompson & Knight LLP, Attn:  Ira L. Herman, 900 Third Avenue, 20th Floor, New York, NY 10022.

## DOCUMENT REQUESTS FOR PRODUCTION

1.         All documents or correspondence that you have provided to the Debtors or they have provided to you created on or after January 1, 2014.

2.         All documents or correspondence that you have provided to any other Bondholders concerning the Debtors or any other Bondholder has provided to you created on or after January 1, 2014.

3.         All valuations of the Debtors or their assets, and all documents or correspondence used in the preparation of, or in any way concerning such valuations, or provided to the person who conducted such valuation, including but not limited to all documents and correspondence concerning (i) the purpose of the valuation, the real or assumed conditions concerning the subject(s) of the valuation, financial data, financial statements, balance sheets, assets, liabilities, projections, cash flows (discounted, future or other), income, sales, revenue, earnings, expenses, depreciation, risk, expectations, premiums, volatility, capital structure, capitalization, cost of debt or equity, growth or decline trends, economic or industry conditions, comparatives, or any

other data that was considered, (ii) any assumptions, discounts, synergies, methods or methodologies, objective or subjective judgments, or adjustments applied, and (iii) any other information or data that was rejected or used in any aspect of the valuation.

4.      All documents or correspondence concerning the Debtors' contention in paragraph 43 of the DIP Motion that the Prepetition Lenders (as defined in the DIP Motion) have a substantial "equity cushion."

5.      All documents or correspondence concerning any trades that you have made in GGS Bonds since September 26, 2013, including (i) trade confirmations; (ii) documents or correspondence identifying (i) whether the trade is a purchase or sale; (ii) trade date; (iii) price; (iv) trade counterparty; and/or (v) principal amount.

6.      All documents or correspondence concerning the Debtors' cash projections or business forecast.

7.      All documents or correspondence concerning any actual or potential sale or disposition of (i) the Debtors or (ii) any of the Debtors' assets.

8.      All documents or correspondence concerning Geokinetics Inc. and the Debtors, including any discussions about a strategic combination.

# United States Bankruptcy Court

SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

-------------------------------------------------------------X
:
In re                                  :     Chapter 11
                                       :     Case No. 14-20130 (RSS)
AUTOSEIS, INC., *et al* [1]             :     (Southern District of Texas – Corpus Christi Division)
                                       :     (Jointly Administered)
                       Debtors.       :
-------------------------------------------------------------X   **SUBPOENA DUCES TECUM**

TO:  Candlewood Special Situations Master Fund, Ltd.
c/o:

       Chuck Gibbs and Marty Brimmage Jr            Arik Preis
       AKIN GUMP STRAUSS HAUER & FELD      AKIN GUMP STRAUSS HAUER & FELD
       1700 Pacific Avenue, Suite 4100               One Bryant Park
       Dallas, TX 75201                             New York, NY 10036

☐   YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the time, date, and place set forth below to testify at a hearing or trial in this bankruptcy case.  When you arrive, you must remain at the court until the judge or court official allows you to leave.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

You must also bring with you following documents, electronically stored information, or objects: _____

☐   YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case . If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

The deposition will be recorded by this method: _____
☐  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: _____

☒   YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

      See Schedule A attached.

| PLACE | DATE AND TIME |
|---|---|
| THOMPSON & KNIGHT LLP | **Beginning on a rolling basis starting on** |
| Attn:  Ira L. Herman | **April 9, 2014 and to be completed no** |
| 900 Third Avenue | **later than 5 p.m. (Eastern) on April 15,** |

---

[1] The Debtors in these chapter 11 cases are: Autoseis, Inc. (5224); Global Geophysical Services, Inc. (4281); Global Geophysical EAME, Inc. (2130); GGS International Holdings, Inc. (2420); Accrete Monitoring, Inc. (2256); and Autoseis Development Company (9066).

| 20th Floor<br>New York, NY 10022<br>Telephone: (212) 751-3001<br><br>Or such other location to be agreed upon by the parties. | 2014. |
|---|---|

☐    YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

| ATTORNEY'S SIGNATURE<br><br>*Tye C. Hancock by [signature] with Permission* | DATE<br><br>April 2, 2014 |
|---|---|

The name, address, email address, and telephone number of the attorney representing the secured lenders, who issues or requests this subpoena, are:

Tye C. Hancock
THOMPSON & KNIGHT LLP
333 Clay Street, Suite 3300
Houston, Texas 77002
Telephone: (713) 653-8690

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

DOC ID - 21055341.1

---

PROOF OF SERVICE

---

I received this subpoena for (*name of individual and title, if any*): _____
on (*date*) _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

 

 

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information concerning attempted service, etc.:
_____

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information

that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

## DEFINITIONS

A.      The definitions and rules of construction set forth in Bankruptcy Rule 7026 are incorporated by reference as if set forth fully herein.

B.      The terms "DIP Lender", "your" or "you" includes not only Candlewood Special Situations Master Fund, Ltd., but also each of its employees, agents, servants, representatives, investigators, attorneys, and any other person acting at any time on its behalf and any other persons who are in possession of or may have obtained information for or on behalf of Candlewood Special Situations Master Fund, Ltd. as to any matter relevant to any subject of this request for documents (the "Requests").

C.      The term "GGS Bonds" means the (i) $200 million aggregate principal amount of 10.5% Senior Notes due 2017 issued by Global Geophysical Services, Inc. pursuant to an indenture dated as of April 27, 2010, and (ii) $50 million aggregate principal amount of 10.5% Senior Notes due 2017 issued pursuant to an indenture dated as of March 28, 2012.

D.      The term "Bondholders" refers to the holders of GGS Bonds.

E.      The term "concerning" means relating to, referring to, describing, evidencing or constituting.  In this regard, a document or correspondence "concerning" a given subject matter means any document or correspondence that relates to, refers to, describes, evidences, constitutes, is incidental to, contains, pertains to, embodies, comprises, reflects, indicates, constitutes, records, memorializes, evaluates, considers, reviews, reports, demonstrates, identifies, discusses, mentions, states, deals with, comments on, responds to, analyzes, or is in any way pertinent to that subject, including, without limitation, documents concerning the presentation of other documents.

F.     The term "correspondence" means documents or communications exchanged or intended to be exchanged by any means between two or more persons.

G.     The term "Debtors" means any or all of: (i) Autoseis, Inc., Global Geophysical Services, Inc., Global Geophysical EAME, Inc., GGS International Holdings, Inc., Accrete Monitoring, Inc., and/or Autoseis Development Company; (ii) any of their respective agents, subsidiaries, affiliates, divisions and branch offices (whether or not legally separate entities), predecessors, or representatives; and (iii) any of their respective employees, officers, directors, agents, financial or business advisors, and attorneys.

H.     The term "DIP Motion" means the Emergency Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to (A) Obtain Postpetition Financing Pursuant to 11 U.S.C. Sections 105, 361, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), and 364(e) and (B) Use Cash Collateral Pursuant to 11 U.S.C. Section 363, (II) Granting Adequate Protection Pursuant to 11 U.S.C. Sections 361, 362, 363, and 364, and (III) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c), filed on March 26, 2014 [Dkt No. 13].

I.     The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

J.     The term "Excel" means Microsoft Excel.

K.     The term "identify" means to identify, describe, define, indicate, list, name, show, specify, set forth, illustrate, portray or represent.

L.     The term "including" means including without limitation.

M.      The term "<u>person</u>" means any natural person or entity, including sole proprietorships, partnerships, corporations, associations, joint ventures, or any other legally recognized entity.

N.      The term "<u>valuation</u>" means any attempt to evaluate, assess, estimate, quantify, appraise, project or otherwise measure the economic, financial, monetary, selling price, net book, liquidation, acquisition, enterprise, fair market, going concern, solvency, or other value of the subject(s) of the valuation.

O.      The terms "<u>you</u>" and "<u>your</u>" refer to the DIP Lender, and its attorneys, employees, consultants, or other agents or representatives.

The following rules of construction shall apply:

P.      The terms "<u>all</u>" and "<u>each</u>" shall be construed as all and each.

Q.      The connectives "<u>and</u>" and "<u>or</u>" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the category all documents that might otherwise be construed to be outside of its scope.

R.      The use of the singular form of any word includes the plural and vice versa.

S.      The use of a verb in any tense shall be construed as the use of that verb in all other tenses whenever necessary to bring within the scope of these Requests all documents that might otherwise be construed as being outside such scope.

## **INSTRUCTIONS**

i.      In responding to the Requests, DIP Lender is required to produce all responsive documents in DIP Lender's possession, custody or control, including, without limitation, information in the possession, custody or control of any officer, employee, agent, director, manager, members, servant, consultant, representative, attorney, investigator, contractor,

subcontractor or expert, or any other person directly or indirectly employed or retained by DIP Lender, or anyone else who is acting on DIP Lender's behalf or who otherwise is subject to DIP Lender's control.

ii.      To the extent the production of any document is objected to on the basis of privilege, provide the following information about each such document: (1) describe the nature of the privilege claimed (*e.g.*, attorney/client, work product, etc.); (2) state the factual and legal basis for the claim of such privilege (*e.g.*, privileged communication with counsel); (3) identify each person who prepared the document and who has seen the document; and (4) identify any other document that refers to or describes the contents of such document.

iii.     All documents are to be produced in their entirety without abbreviation or expurgation.  In making documents available, all documents which are physically attached to each other in files shall be made available in that form.  Documents which are segregated or separated from other documents, whether by inclusion in binders, files, sub-files, or by use of dividers, tabs or any other method, shall be made available in that form.  Documents shall be made available in the order in which they were maintained.

iv.      If any documents responsive to the Requests are known or believed to have been lost, destroyed, discarded or otherwise disposed of, DIP Lender shall provide, to the extent reasonably possible, a description of the document, its date, author(s), recipient(s) and contents, the date of its loss or other disposition, and the circumstances surrounding its loss or other disposition.

v.       Each Request is continuing in nature and shall be modified or supplemented to include any additional later discovered responsive information, knowledge, data or documents.

vi.     Any document produced through a data room or cd shall require written response identifying the folder in the data room or cd where such document can be located and the specific bates stamp reference of such document.

vii.     Unless otherwise specifically indicated, the following document requests are limited to documents created on or after **September 30, 2013** and relating to any period after **September 30, 2013**.

viii.     In responding to the Requests, DIP Lender is required to produce all responsive documents at the offices of Thompson & Knight LLP, Attn:  Ira L. Herman, 900 Third Avenue, 20th Floor, New York, NY 10022.

## DOCUMENT REQUESTS FOR PRODUCTION

1.     All documents or correspondence that you have provided to the Debtors or they have provided to you created on or after January 1, 2014.

2.     All documents or correspondence that you have provided to any other Bondholders concerning the Debtors or any other Bondholder has provided to you created on or after January 1, 2014.

3.     All valuations of the Debtors or their assets, and all documents or correspondence used in the preparation of, or in any way concerning such valuations, or provided to the person who conducted such valuation, including but not limited to all documents and correspondence concerning (i) the purpose of the valuation, the real or assumed conditions concerning the subject(s) of the valuation, financial data, financial statements, balance sheets, assets, liabilities, projections, cash flows (discounted, future or other), income, sales, revenue, earnings, expenses, depreciation, risk, expectations, premiums, volatility, capital structure, capitalization, cost of debt or equity, growth or decline trends, economic or industry conditions, comparatives, or any

other data that was considered, (ii) any assumptions, discounts, synergies, methods or methodologies, objective or subjective judgments, or adjustments applied, and (iii) any other information or data that was rejected or used in any aspect of the valuation.

      4.     All documents or correspondence concerning the Debtors' contention in paragraph 43 of the DIP Motion that the Prepetition Lenders (as defined in the DIP Motion) have a substantial "equity cushion."

      5.     All documents or correspondence concerning any trades that you have made in GGS Bonds since September 26, 2013, including (i) trade confirmations; (ii) documents or correspondence identifying (i) whether the trade is a purchase or sale; (ii) trade date; (iii) price; (iv) trade counterparty; and/or (v) principal amount.

      6.     All documents or correspondence concerning the Debtors' cash projections or business forecast.

      7.     All documents or correspondence concerning any actual or potential sale or disposition of (i) the Debtors or (ii) any of the Debtors' assets.

      8.     All documents or correspondence concerning Geokinetics Inc. and the Debtors, including any discussions about a strategic combination.

# United States Bankruptcy Court

SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

------------------------------------------------------------X
                                  :

In re                          :

AUTOSEIS, INC., *et al* [1]       :

                       Debtors.    :

------------------------------------------------------------X

|  |  |
|---|---|
| Chapter 11 |  |
| Case No. 14-20130 (RSS) |  |
| (Southern District of Texas – Corpus Christi Division) |  |
| (Jointly Administered) |  |

**SUBPOENA DUCES TECUM**

TO: PEAK6 Achievement Master Fund Ltd. c/o:

Chuck Gibbs and Marty Brimmage Jr
AKIN GUMP STRAUSS HAUER & FELD
1700 Pacific Avenue, Suite 4100
Dallas, TX 75201

Arik Preis
AKIN GUMP STRAUSS HAUER & FELD
One Bryant Park
New York, NY 10036

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the time, date, and place set forth below to testify at a hearing or trial in this bankruptcy case.  When you arrive, you must remain at the court until the judge or court official allows you to leave.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

You must also bring with you following documents, electronically stored information, or objects: _____

☐ YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case . If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

The deposition will be recorded by this method: _____
☐ You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: _____

☒ YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

      See Schedule A attached.

| PLACE | DATE AND TIME |
|---|---|
| THOMPSON & KNIGHT LLP<br>Attn:  Ira L. Herman<br>900 Third Avenue<br>20th Floor | **Beginning on a rolling basis starting on April 9, 2014 and to be completed no later than 5 p.m. (Eastern) on April 15, 2014.** |

---

[1] The Debtors in these chapter 11 cases are: Autoseis, Inc. (5224); Global Geophysical Services, Inc. (4281); Global Geophysical EAME, Inc. (2130); GGS International Holdings, Inc. (2420); Accrete Monitoring, Inc. (2256); and Autoseis Development Company (9066).

| New York, NY 10022<br>Telephone: (212) 751-3001<br><br>Or such other location to be agreed upon by the parties. | |

☐      YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached –
Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and
Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

| ATTORNEY'S SIGNATURE | DATE |
|---|---|
| *Tye C. Hancock   by   ____ with Permission* | April 2, 2014 |

The name, address, email address, and telephone number of the attorney representing the secured lenders, who issues or requests this subpoena, are:

Tye C. Hancock
THOMPSON & KNIGHT LLP
333 Clay Street, Suite 3300
Houston, Texas 77002
Telephone: (713) 653-8690

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

DOC ID - 21055356.1

## PROOF OF SERVICE

I received this subpoena for (*name of individual and title, if any*): _____
on (*date*) _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

 I declare under penalty of perjury that this information is true and correct.

Date: _____


_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A)   production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A)   Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B)   Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

## SCHEDULE A

## DEFINITIONS

A.      The definitions and rules of construction set forth in Bankruptcy Rule 7026 are incorporated by reference as if set forth fully herein.

B.      The terms "DIP Lender", "your" or "you" includes not only PEAK6 Achievement Master Fund Ltd., but also each of its employees, agents, servants, representatives, investigators, attorneys, and any other person acting at any time on its behalf and any other persons who are in possession of or may have obtained information for or on behalf of PEAK6 Achievement Master Fund Ltd. as to any matter relevant to any subject of this request for documents (the "Requests").

C.      The term "GGS Bonds" means the (i) $200 million aggregate principal amount of 10.5% Senior Notes due 2017 issued by Global Geophysical Services, Inc. pursuant to an indenture dated as of April 27, 2010, and (ii) $50 million aggregate principal amount of 10.5% Senior Notes due 2017 issued pursuant to an indenture dated as of March 28, 2012.

D.      The term "Bondholders" refers to the holders of GGS Bonds.

E.      The term "concerning" means relating to, referring to, describing, evidencing or constituting.  In this regard, a document or correspondence "concerning" a given subject matter means any document or correspondence that relates to, refers to, describes, evidences, constitutes, is incidental to, contains, pertains to, embodies, comprises, reflects, indicates, constitutes, records, memorializes, evaluates, considers, reviews, reports, demonstrates, identifies, discusses, mentions, states, deals with, comments on, responds to, analyzes, or is in any way pertinent to that subject, including, without limitation, documents concerning the presentation of other documents.

F.      The term "correspondence" means documents or communications exchanged or intended to be exchanged by any means between two or more persons.

G.      The term "Debtors" means any or all of: (i) Autoseis, Inc., Global Geophysical Services, Inc., Global Geophysical EAME, Inc., GGS International Holdings, Inc., Accrete Monitoring, Inc., and/or Autoseis Development Company; (ii) any of their respective agents, subsidiaries, affiliates, divisions and branch offices (whether or not legally separate entities), predecessors, or representatives; and (iii) any of their respective employees, officers, directors, agents, financial or business advisors, and attorneys.

H.      The term "DIP Motion" means the Emergency Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to (A) Obtain Postpetition Financing Pursuant to 11 U.S.C. Sections 105, 361, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), and 364(e) and (B) Use Cash Collateral Pursuant to 11 U.S.C. Section 363, (II) Granting Adequate Protection Pursuant to 11 U.S.C. Sections 361, 362, 363, and 364, and (III) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c), filed on March 26, 2014 [Dkt No. 13].

I.      The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations.  A draft or non-identical copy is a separate document within the meaning of this term.

J.      The term "Excel" means Microsoft Excel.

K.      The term "identify" means to identify, describe, define, indicate, list, name, show, specify, set forth, illustrate, portray or represent.

L.      The term "including" means including without limitation.

M.      The term "person" means any natural person or entity, including sole proprietorships, partnerships, corporations, associations, joint ventures, or any other legally recognized entity.

N.      The term "valuation" means any attempt to evaluate, assess, estimate, quantify, appraise, project or otherwise measure the economic, financial, monetary, selling price, net book, liquidation, acquisition, enterprise, fair market, going concern, solvency, or other value of the subject(s) of the valuation.

O.      The terms "you" and "your" refer to the DIP Lender, and its attorneys, employees, consultants, or other agents or representatives.

The following rules of construction shall apply:

P.      The terms "all" and "each" shall be construed as all and each.

Q.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the category all documents that might otherwise be construed to be outside of its scope.

R.      The use of the singular form of any word includes the plural and vice versa.

S.      The use of a verb in any tense shall be construed as the use of that verb in all other tenses whenever necessary to bring within the scope of these Requests all documents that might otherwise be construed as being outside such scope.

## **INSTRUCTIONS**

i.      In responding to the Requests, DIP Lender is required to produce all responsive documents in DIP Lender's possession, custody or control, including, without limitation, information in the possession, custody or control of any officer, employee, agent, director, manager, members, servant, consultant, representative, attorney, investigator, contractor,

subcontractor or expert, or any other person directly or indirectly employed or retained by DIP Lender, or anyone else who is acting on DIP Lender's behalf or who otherwise is subject to DIP Lender's control.

ii.      To the extent the production of any document is objected to on the basis of privilege, provide the following information about each such document: (1) describe the nature of the privilege claimed (*e.g.*, attorney/client, work product, etc.); (2) state the factual and legal basis for the claim of such privilege (*e.g.*, privileged communication with counsel); (3) identify each person who prepared the document and who has seen the document; and (4) identify any other document that refers to or describes the contents of such document.

iii.      All documents are to be produced in their entirety without abbreviation or expurgation. In making documents available, all documents which are physically attached to each other in files shall be made available in that form. Documents which are segregated or separated from other documents, whether by inclusion in binders, files, sub-files, or by use of dividers, tabs or any other method, shall be made available in that form. Documents shall be made available in the order in which they were maintained.

iv.      If any documents responsive to the Requests are known or believed to have been lost, destroyed, discarded or otherwise disposed of, DIP Lender shall provide, to the extent reasonably possible, a description of the document, its date, author(s), recipient(s) and contents, the date of its loss or other disposition, and the circumstances surrounding its loss or other disposition.

v.      Each Request is continuing in nature and shall be modified or supplemented to include any additional later discovered responsive information, knowledge, data or documents.

vi.       Any document produced through a data room or cd shall require written response identifying the folder in the data room or cd where such document can be located and the specific bates stamp reference of such document.

vii.       Unless otherwise specifically indicated, the following document requests are limited to documents created on or after **September 30, 2013** and relating to any period after **September 30, 2013**.

viii.       In responding to the Requests, DIP Lender is required to produce all responsive documents at the offices of Thompson & Knight LLP, Attn: Ira L. Herman, 900 Third Avenue, 20th Floor, New York, NY 10022.

## DOCUMENT REQUESTS FOR PRODUCTION

1.       All documents or correspondence that you have provided to the Debtors or they have provided to you created on or after January 1, 2014.

2.       All documents or correspondence that you have provided to any other Bondholders concerning the Debtors or any other Bondholder has provided to you created on or after January 1, 2014.

3.       All valuations of the Debtors or their assets, and all documents or correspondence used in the preparation of, or in any way concerning such valuations, or provided to the person who conducted such valuation, including but not limited to all documents and correspondence concerning (i) the purpose of the valuation, the real or assumed conditions concerning the subject(s) of the valuation, financial data, financial statements, balance sheets, assets, liabilities, projections, cash flows (discounted, future or other), income, sales, revenue, earnings, expenses, depreciation, risk, expectations, premiums, volatility, capital structure, capitalization, cost of debt or equity, growth or decline trends, economic or industry conditions, comparatives, or any

other data that was considered, (ii) any assumptions, discounts, synergies, methods or methodologies, objective or subjective judgments, or adjustments applied, and (iii) any other information or data that was rejected or used in any aspect of the valuation.

4.      All documents or correspondence concerning the Debtors' contention in paragraph 43 of the DIP Motion that the Prepetition Lenders (as defined in the DIP Motion) have a substantial "equity cushion."

5.      All documents or correspondence concerning any trades that you have made in GGS Bonds since September 26, 2013, including (i) trade confirmations; (ii) documents or correspondence identifying (i) whether the trade is a purchase or sale; (ii) trade date; (iii) price; (iv) trade counterparty; and/or (v) principal amount.

6.      All documents or correspondence concerning the Debtors' cash projections or business forecast.

7.      All documents or correspondence concerning any actual or potential sale or disposition of (i) the Debtors or (ii) any of the Debtors' assets.

8.      All documents or correspondence concerning Geokinetics Inc. and the Debtors, including any discussions about a strategic combination.

# United States Bankruptcy Court

SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

-------------------------------------------------------------X
:
In re                                    :    Chapter 11
:    Case No. 14-20130 (RSS)
AUTOSEIS, INC., *et al* [1]           :    (Southern District of Texas – Corpus Christi Division)
:    (Jointly Administered)
Debtors.    :
-------------------------------------------------------------X    **SUBPOENA DUCES TECUM**

TO:  Credit Suisse Loan Funding LLC c/o:

Chuck Gibbs and Marty Brimmage Jr       Arik Preis
AKIN GUMP STRAUSS HAUER & FELD     AKIN GUMP STRAUSS HAUER & FELD
1700 Pacific Avenue, Suite 4100         One Bryant Park
Dallas, TX 75201                   New York, NY 10036

☐  YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the time, date, and place set forth below to testify at a hearing or trial in this bankruptcy case. When you arrive, you must remain at the court until the judge or court official allows you to leave.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

You must also bring with you following documents, electronically stored information, or objects: _____

☐  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case . If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

The deposition will be recorded by this method: _____
☐  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: _____

☒  YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Schedule A attached.

| PLACE | DATE AND TIME |
|---|---|
| THOMPSON & KNIGHT LLP | **Beginning on a rolling basis starting on** |
| Attn: Ira L. Herman | **April 9, 2014 and to be completed no** |
| 900 Third Avenue | **later than 5 p.m. (Eastern) on April 15,** |
| 20th Floor | **2014.** |

[1] The Debtors in these chapter 11 cases are: Autoseis, Inc. (5224); Global Geophysical Services, Inc. (4281); Global Geophysical EAME, Inc. (2130); GGS International Holdings, Inc. (2420); Accrete Monitoring, Inc. (2256); and Autoseis Development Company (9066).

DOC ID - 21055351.1

New York, NY 10022
Telephone: (212) 751-3001

Or such other location to be agreed upon by the parties.

☐      YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|-------|---------------|
|       |               |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

| ATTORNEY'S SIGNATURE | DATE |
|----------------------|------|
| *Tye C. Hancock by (With Permission)* | April 2, 2014 |

The name, address, email address, and telephone number of the attorney representing the secured lenders, who issues or requests this subpoena, are:

Tye C. Hancock
THOMPSON & KNIGHT LLP
333 Clay Street, Suite 3300
Houston, Texas 77002
Telephone: (713) 653-8690

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the  inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on  the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

DOC ID - 21055351.1

PROOF OF SERVICE

I received this subpoena for (*name of individual and title, if any*): _____
on (*date*) _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

 I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction —which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information

that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

## DEFINITIONS

A.      The definitions and rules of construction set forth in Bankruptcy Rule 7026 are incorporated by reference as if set forth fully herein.

B.      The terms "DIP Lender", "your" or "you" includes not only Credit Suisse Loan Funding LLC, but also each of its employees, agents, servants, representatives, investigators, attorneys, and any other person acting at any time on its behalf and any other persons who are in possession of or may have obtained information for or on behalf of Credit Suisse Loan Funding LLC as to any matter relevant to any subject of this request for documents (the "Requests").

C.      The term "GGS Bonds" means the (i) $200 million aggregate principal amount of 10.5% Senior Notes due 2017 issued by Global Geophysical Services, Inc. pursuant to an indenture dated as of April 27, 2010, and (ii) $50 million aggregate principal amount of 10.5% Senior Notes due 2017 issued pursuant to an indenture dated as of March 28, 2012.

D.      The term "Bondholders" refers to the holders of GGS Bonds.

E.      The term "concerning" means relating to, referring to, describing, evidencing or constituting.  In this regard, a document or correspondence "concerning" a given subject matter means any document or correspondence that relates to, refers to, describes, evidences, constitutes, is incidental to, contains, pertains to, embodies, comprises, reflects, indicates, constitutes, records, memorializes, evaluates, considers, reviews, reports, demonstrates, identifies, discusses, mentions, states, deals with, comments on, responds to, analyzes, or is in any way pertinent to that subject, including, without limitation, documents concerning the presentation of other documents.

F.      The term "correspondence" means documents or communications exchanged or intended to be exchanged by any means between two or more persons.

G.      The term "Debtors" means any or all of: (i) Autoseis, Inc., Global Geophysical Services, Inc., Global Geophysical EAME, Inc., GGS International Holdings, Inc., Accrete Monitoring, Inc., and/or Autoseis Development Company; (ii) any of their respective agents, subsidiaries, affiliates, divisions and branch offices (whether or not legally separate entities), predecessors, or representatives; and (iii) any of their respective employees, officers, directors, agents, financial or business advisors, and attorneys.

H.      The term "DIP Motion" means the Emergency Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to (A) Obtain Postpetition Financing Pursuant to 11 U.S.C. Sections 105, 361, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), and 364(e) and (B) Use Cash Collateral Pursuant to 11 U.S.C. Section 363, (II) Granting Adequate Protection Pursuant to 11 U.S.C. Sections 361, 362, 363, and 364, and (III) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c), filed on March 26, 2014 [Dkt No. 13].

I.      The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

J.      The term "Excel" means Microsoft Excel.

K.      The term "identify" means to identify, describe, define, indicate, list, name, show, specify, set forth, illustrate, portray or represent.

L.      The term "including" means including without limitation.

M.     The term "person" means any natural person or entity, including sole proprietorships, partnerships, corporations, associations, joint ventures, or any other legally recognized entity.

N.     The term "valuation" means any attempt to evaluate, assess, estimate, quantify, appraise, project or otherwise measure the economic, financial, monetary, selling price, net book, liquidation, acquisition, enterprise, fair market, going concern, solvency, or other value of the subject(s) of the valuation.

O.     The terms "you" and "your" refer to the DIP Lender, and its attorneys, employees, consultants, or other agents or representatives.

The following rules of construction shall apply:

P.     The terms "all" and "each" shall be construed as all and each.

Q.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the category all documents that might otherwise be construed to be outside of its scope.

R.     The use of the singular form of any word includes the plural and vice versa.

S.     The use of a verb in any tense shall be construed as the use of that verb in all other tenses whenever necessary to bring within the scope of these Requests all documents that might otherwise be construed as being outside such scope.

## INSTRUCTIONS

i.     In responding to the Requests, DIP Lender is required to produce all responsive documents in DIP Lender's possession, custody or control, including, without limitation, information in the possession, custody or control of any officer, employee, agent, director, manager, members, servant, consultant, representative, attorney, investigator, contractor,

subcontractor or expert, or any other person directly or indirectly employed or retained by DIP Lender, or anyone else who is acting on DIP Lender's behalf or who otherwise is subject to DIP Lender's control.

ii.      To the extent the production of any document is objected to on the basis of privilege, provide the following information about each such document: (1) describe the nature of the privilege claimed (*e.g.*, attorney/client, work product, etc.); (2) state the factual and legal basis for the claim of such privilege (*e.g.*, privileged communication with counsel); (3) identify each person who prepared the document and who has seen the document; and (4) identify any other document that refers to or describes the contents of such document.

iii.      All documents are to be produced in their entirety without abbreviation or expurgation.  In making documents available, all documents which are physically attached to each other in files shall be made available in that form.  Documents which are segregated or separated from other documents, whether by inclusion in binders, files, sub-files, or by use of dividers, tabs or any other method, shall be made available in that form.  Documents shall be made available in the order in which they were maintained.

iv.      If any documents responsive to the Requests are known or believed to have been lost, destroyed, discarded or otherwise disposed of, DIP Lender shall provide, to the extent reasonably possible, a description of the document, its date, author(s), recipient(s) and contents, the date of its loss or other disposition, and the circumstances surrounding its loss or other disposition.

v.      Each Request is continuing in nature and shall be modified or supplemented to include any additional later discovered responsive information, knowledge, data or documents.

vi.         Any document produced through a data room or cd shall require written response identifying the folder in the data room or cd where such document can be located and the specific bates stamp reference of such document.

vii.         Unless otherwise specifically indicated, the following document requests are limited to documents created on or after **September 30, 2013** and relating to any period after **September 30, 2013**.

viii.         In responding to the Requests, DIP Lender is required to produce all responsive documents at the offices of Thompson & Knight LLP, Attn:  Ira L. Herman, 900 Third Avenue, 20th Floor, New York, NY 10022.

## DOCUMENT REQUESTS FOR PRODUCTION

1.         All documents or correspondence that you have provided to the Debtors or they have provided to you created on or after January 1, 2014.

2.         All documents or correspondence that you have provided to any other Bondholders concerning the Debtors or any other Bondholder has provided to you created on or after January 1, 2014.

3.         All valuations of the Debtors or their assets, and all documents or correspondence used in the preparation of, or in any way concerning such valuations, or provided to the person who conducted such valuation, including but not limited to all documents and correspondence concerning (i) the purpose of the valuation, the real or assumed conditions concerning the subject(s) of the valuation, financial data, financial statements, balance sheets, assets, liabilities, projections, cash flows (discounted, future or other), income, sales, revenue, earnings, expenses, depreciation, risk, expectations, premiums, volatility, capital structure, capitalization, cost of debt or equity, growth or decline trends, economic or industry conditions, comparatives, or any

other data that was considered, (ii) any assumptions, discounts, synergies, methods or methodologies, objective or subjective judgments, or adjustments applied, and (iii) any other information or data that was rejected or used in any aspect of the valuation.

4.     All documents or correspondence concerning the Debtors' contention in paragraph 43 of the DIP Motion that the Prepetition Lenders (as defined in the DIP Motion) have a substantial "equity cushion."

5.     All documents or correspondence concerning any trades that you have made in GGS Bonds since September 26, 2013, including (i) trade confirmations; (ii) documents or correspondence identifying (i) whether the trade is a purchase or sale; (ii) trade date; (iii) price; (iv) trade counterparty; and/or (v) principal amount.

6.     All documents or correspondence concerning the Debtors' cash projections or business forecast.

7.     All documents or correspondence concerning any actual or potential sale or disposition of (i) the Debtors or (ii) any of the Debtors' assets.

8.     All documents or correspondence concerning Geokinetics Inc. and the Debtors, including any discussions about a strategic combination.

# United States Bankruptcy Court

SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

-------------------------------------------------------------X
:
In re                              :     Chapter 11
:     Case No. 14-20130 (RSS)
AUTOSEIS, INC., *et al* [1]     :     (Southern District of Texas – Corpus Christi Division)
:     (Jointly Administered)
Debtors.     :
-------------------------------------------------------------X    **SUBPOENA DUCES TECUM**

TO:  Third Avenue Focused Credit Fund c/o:

    Chuck Gibbs and Marty Brimmage Jr        Arik Preis
    AKIN GUMP STRAUSS HAUER & FELD    AKIN GUMP STRAUSS HAUER & FELD
    1700 Pacific Avenue, Suite 4100         One Bryant Park
    Dallas, TX 75201                New York, NY 10036

☐  YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the time, date, and place set forth below to testify at a hearing or trial in this bankruptcy case.  When you arrive, you must remain at the court until the judge or court official allows you to leave.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

You must also bring with you following documents, electronically stored information, or objects: _____

☐  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case . If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

The deposition will be recorded by this method: _____
☐  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: _____

☒  YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

    See Schedule A attached.

| PLACE | DATE AND TIME |
|---|---|
| THOMPSON & KNIGHT LLP<br>Attn:  Ira L. Herman<br>900 Third Avenue<br>20th Floor | **Beginning on a rolling basis starting on April 9, 2014 and to be completed no later than 5 p.m. (Eastern) on April 15, 2014.** |

[1] The Debtors in these chapter 11 cases are: Autoseis, Inc. (5224); Global Geophysical Services, Inc. (4281); Global Geophysical EAME, Inc. (2130); GGS International Holdings, Inc. (2420); Accrete Monitoring, Inc. (2256); and Autoseis Development Company (9066).

| | |
|---|---|
| New York, NY 10022<br>Telephone: (212) 751-3001<br><br>Or such other location to be agreed upon by the parties. | |

☐       YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached –
Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and
Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

| ATTORNEY'S SIGNATURE | DATE |
|---|---|
| *Tye C. Hancock  by  [signature]  with permission* | April 2, 2014 |

The name, address, email address, and telephone number of the attorney representing the secured lenders, who issues or requests this subpoena, are:

> Tye C. Hancock
> THOMPSON & KNIGHT LLP
> 333 Clay Street, Suite 3300
> Houston, Texas 77002
> Telephone: (713) 653-8690

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

I received this subpoena for (*name of individual and title, if any*): _____
on (*date*) _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

 I declare under penalty of perjury that this information is true and correct.

Date: _____


_____
                                          Server's signature

_____
                                       Printed name and title

_____
                                           Server's address

Additional information concerning attempted service, etc.:

DOC ID - 21055380.1

nt in TXSB on 04/11/14   Page 59 of 85

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction —which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information

that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

DOC ID - 21055380.1     For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

## DEFINITIONS

A.      The definitions and rules of construction set forth in Bankruptcy Rule 7026 are incorporated by reference as if set forth fully herein.

B.      The terms "DIP Lender", "your" or "you" includes not only Third Avenue Focused Credit Fund, but also each of its employees, agents, servants, representatives, investigators, attorneys, and any other person acting at any time on its behalf and any other persons who are in possession of or may have obtained information for or on behalf of Third Avenue Focused Credit Fund as to any matter relevant to any subject of this request for documents (the "Requests").

C.      The term "GGS Bonds" means the (i) $200 million aggregate principal amount of 10.5% Senior Notes due 2017 issued by Global Geophysical Services, Inc. pursuant to an indenture dated as of April 27, 2010, and (ii) $50 million aggregate principal amount of 10.5% Senior Notes due 2017 issued pursuant to an indenture dated as of March 28, 2012.

D.      The term "Bondholders" refers to the holders of GGS Bonds.

E.      The term "concerning" means relating to, referring to, describing, evidencing or constituting.  In this regard, a document or correspondence "concerning" a given subject matter means any document or correspondence that relates to, refers to, describes, evidences, constitutes, is incidental to, contains, pertains to, embodies, comprises, reflects, indicates, constitutes, records, memorializes, evaluates, considers, reviews, reports, demonstrates, identifies, discusses, mentions, states, deals with, comments on, responds to, analyzes, or is in any way pertinent to that subject, including, without limitation, documents concerning the presentation of other documents.

F.     The term "correspondence" means documents or communications exchanged or intended to be exchanged by any means between two or more persons.

G.     The term "Debtors" means any or all of: (i) Autoseis, Inc., Global Geophysical Services, Inc., Global Geophysical EAME, Inc., GGS International Holdings, Inc., Accrete Monitoring, Inc., and/or Autoseis Development Company; (ii) any of their respective agents, subsidiaries, affiliates, divisions and branch offices (whether or not legally separate entities), predecessors, or representatives; and (iii) any of their respective employees, officers, directors, agents, financial or business advisors, and attorneys.

H.     The term "DIP Motion" means the Emergency Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to (A) Obtain Postpetition Financing Pursuant to 11 U.S.C. Sections 105, 361, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), and 364(e) and (B) Use Cash Collateral Pursuant to 11 U.S.C. Section 363, (II) Granting Adequate Protection Pursuant to 11 U.S.C. Sections 361, 362, 363, and 364, and (III) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c), filed on March 26, 2014 [Dkt No. 13].

I.     The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

J.     The term "Excel" means Microsoft Excel.

K.     The term "identify" means to identify, describe, define, indicate, list, name, show, specify, set forth, illustrate, portray or represent.

L.     The term "including" means including without limitation.

M.    The term "person" means any natural person or entity, including sole proprietorships, partnerships, corporations, associations, joint ventures, or any other legally recognized entity.

N.    The term "valuation" means any attempt to evaluate, assess, estimate, quantify, appraise, project or otherwise measure the economic, financial, monetary, selling price, net book, liquidation, acquisition, enterprise, fair market, going concern, solvency, or other value of the subject(s) of the valuation.

O.    The terms "you" and "your" refer to the DIP Lender, and its attorneys, employees, consultants, or other agents or representatives.

The following rules of construction shall apply:

P.    The terms "all" and "each" shall be construed as all and each.

Q.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the category all documents that might otherwise be construed to be outside of its scope.

R.    The use of the singular form of any word includes the plural and vice versa.

S.    The use of a verb in any tense shall be construed as the use of that verb in all other tenses whenever necessary to bring within the scope of these Requests all documents that might otherwise be construed as being outside such scope.

## INSTRUCTIONS

i.    In responding to the Requests, DIP Lender is required to produce all responsive documents in DIP Lender's possession, custody or control, including, without limitation, information in the possession, custody or control of any officer, employee, agent, director, manager, members, servant, consultant, representative, attorney, investigator, contractor,

subcontractor or expert, or any other person directly or indirectly employed or retained by DIP

Lender, or anyone else who is acting on DIP Lender's behalf or who otherwise is subject to DIP

Lender's control.

      ii.      To the extent the production of any document is objected to on the basis of

privilege, provide the following information about each such document: (1) describe the nature

of the privilege claimed (*e.g.*, attorney/client, work product, etc.); (2) state the factual and legal

basis for the claim of such privilege (*e.g.*, privileged communication with counsel); (3) identify

each person who prepared the document and who has seen the document; and (4) identify any

other document that refers to or describes the contents of such document.

      iii.      All documents are to be produced in their entirety without abbreviation or

expurgation.  In making documents available, all documents which are physically attached to

each other in files shall be made available in that form.  Documents which are segregated or

separated from other documents, whether by inclusion in binders, files, sub-files, or by use of

dividers, tabs or any other method, shall be made available in that form.  Documents shall be

made available in the order in which they were maintained.

      iv.      If any documents responsive to the Requests are known or believed to have been

lost, destroyed, discarded or otherwise disposed of, DIP Lender shall provide, to the extent

reasonably possible, a description of the document, its date, author(s), recipient(s) and contents,

the date of its loss or other disposition, and the circumstances surrounding its loss or other

disposition.

      v.      Each Request is continuing in nature and shall be modified or supplemented to

include any additional later discovered responsive information, knowledge, data or documents.

vi.      Any document produced through a data room or cd shall require written response identifying the folder in the data room or cd where such document can be located and the specific bates stamp reference of such document.

vii.      Unless otherwise specifically indicated, the following document requests are limited to documents created on or after **September 30, 2013** and relating to any period after **September 30, 2013**.

viii.      In responding to the Requests, DIP Lender is required to produce all responsive documents at the offices of Thompson & Knight LLP, Attn:  Ira L. Herman, 900 Third Avenue, 20th Floor, New York, NY 10022.

## DOCUMENT REQUESTS FOR PRODUCTION

1.      All documents or correspondence that you have provided to the Debtors or they have provided to you created on or after January 1, 2014.

2.      All documents or correspondence that you have provided to any other Bondholders concerning the Debtors or any other Bondholder has provided to you created on or after January 1, 2014.

3.      All valuations of the Debtors or their assets, and all documents or correspondence used in the preparation of, or in any way concerning such valuations, or provided to the person who conducted such valuation, including but not limited to all documents and correspondence concerning (i) the purpose of the valuation, the real or assumed conditions concerning the subject(s) of the valuation, financial data, financial statements, balance sheets, assets, liabilities, projections, cash flows (discounted, future or other), income, sales, revenue, earnings, expenses, depreciation, risk, expectations, premiums, volatility, capital structure, capitalization, cost of debt or equity, growth or decline trends, economic or industry conditions, comparatives, or any

other data that was considered, (ii) any assumptions, discounts, synergies, methods or methodologies, objective or subjective judgments, or adjustments applied, and (iii) any other information or data that was rejected or used in any aspect of the valuation.

4.      All documents or correspondence concerning the Debtors' contention in paragraph 43 of the DIP Motion that the Prepetition Lenders (as defined in the DIP Motion) have a substantial "equity cushion."

5.      All documents or correspondence concerning any trades that you have made in GGS Bonds since September 26, 2013, including (i) trade confirmations; (ii) documents or correspondence identifying (i) whether the trade is a purchase or sale; (ii) trade date; (iii) price; (iv) trade counterparty; and/or (v) principal amount.

6.      All documents or correspondence concerning the Debtors' cash projections or business forecast.

7.      All documents or correspondence concerning any actual or potential sale or disposition of (i) the Debtors or (ii) any of the Debtors' assets.

8.      All documents or correspondence concerning Geokinetics Inc. and the Debtors, including any discussions about a strategic combination.

# United States Bankruptcy Court

## SOUTHERN DISTRICT OF TEXAS

### CORPUS CHRISTI DIVISION

-----------------------------------------------------------X
                                                           :
In re                                                      :   Chapter 11
                                                           :   Case No. 14-20130 (RSS)
AUTOSEIS, INC., *et al* [1]                                :   (Southern District of Texas – Corpus Christi Division)
                                                           :   (Jointly Administered)
                                   Debtors.                :
-----------------------------------------------------------X   **SUBPOENA DUCES TECUM**

TO:  CWD OC 522 Master Fund, Ltd. c/o:

| | |
|---|---|
| Chuck Gibbs and Marty Brimmage Jr<br>AKIN GUMP STRAUSS HAUER & FELD<br>1700 Pacific Avenue, Suite 4100<br>Dallas, TX 75201 | Arik Preis<br>AKIN GUMP STRAUSS HAUER & FELD<br>One Bryant Park<br>New York, NY 10036 |

☐  YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the time, date, and place set forth below to testify at a hearing or trial in this bankruptcy case.  When you arrive, you must remain at the court until the judge or court official allows you to leave.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

You must also bring with you following documents, electronically stored information, or objects: _____

☐  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case . If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

The deposition will be recorded by this method: _____
☐  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: _____

☒  YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

   See Schedule A attached.

| PLACE | DATE AND TIME |
|---|---|
| THOMPSON & KNIGHT LLP<br>Attn:  Ira L. Herman<br>900 Third Avenue<br>20th Floor | **Beginning on a rolling basis starting on April 9, 2014 and to be completed no later than 5 p.m. (Eastern) on April 15, 2014.** |

[1] The Debtors in these chapter 11 cases are: Autoseis, Inc. (5224); Global Geophysical Services, Inc. (4281); Global Geophysical EAME, Inc. (2130); GGS International Holdings, Inc. (2420); Accrete Monitoring, Inc. (2256); and Autoseis Development Company (9066).

New York, NY 10022
Telephone: (212) 751-3001

Or such other location to be agreed upon by the parties.

☐     YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

| ATTORNEY'S SIGNATURE | DATE |
|---|---|
| *Tye C. Hancock* by *[signature] with Permission* | April 2, 2014 |

The name, address, email address, and telephone number of the attorney representing the secured lenders, who issues or requests this subpoena, are:

> Tye C. Hancock
> THOMPSON & KNIGHT LLP
> 333 Clay Street, Suite 3300
> Houston, Texas 77002
> Telephone: (713) 653-8690

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

DOC ID - 21055348.1

## PROOF OF SERVICE

I received this subpoena for (*name of individual and title, if any*): _____
on (*date*) _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

## SCHEDULE A

## DEFINITIONS

A.      The definitions and rules of construction set forth in Bankruptcy Rule 7026 are incorporated by reference as if set forth fully herein.

B.      The terms "<u>DIP Lender</u>", "<u>your</u>" or "<u>you</u>" includes not only CWD OC 522 Master Fund, Ltd., but also each of its employees, agents, servants, representatives, investigators, attorneys, and any other person acting at any time on its behalf and any other persons who are in possession of or may have obtained information for or on behalf of CWD OC 522 Master Fund, Ltd. as to any matter relevant to any subject of this request for documents (the "<u>Requests</u>").

C.      The term "<u>GGS Bonds</u>" means the (i) $200 million aggregate principal amount of 10.5% Senior Notes due 2017 issued by Global Geophysical Services, Inc. pursuant to an indenture dated as of April 27, 2010, and (ii) $50 million aggregate principal amount of 10.5% Senior Notes due 2017 issued pursuant to an indenture dated as of March 28, 2012.

D.      The term "<u>Bondholders</u>" refers to the holders of GGS Bonds.

E.      The term "<u>concerning</u>" means relating to, referring to, describing, evidencing or constituting.  In this regard, a document or correspondence "concerning" a given subject matter means any document or correspondence that relates to, refers to, describes, evidences, constitutes, is incidental to, contains, pertains to, embodies, comprises, reflects, indicates, constitutes, records, memorializes, evaluates, considers, reviews, reports, demonstrates, identifies, discusses, mentions, states, deals with, comments on, responds to, analyzes, or is in any way pertinent to that subject, including, without limitation, documents concerning the presentation of other documents.

F.  The term "correspondence" means documents or communications exchanged or intended to be exchanged by any means between two or more persons.

G.  The term "Debtors" means any or all of: (i) Autoseis, Inc., Global Geophysical Services, Inc., Global Geophysical EAME, Inc., GGS International Holdings, Inc., Accrete Monitoring, Inc., and/or Autoseis Development Company; (ii) any of their respective agents, subsidiaries, affiliates, divisions and branch offices (whether or not legally separate entities), predecessors, or representatives; and (iii) any of their respective employees, officers, directors, agents, financial or business advisors, and attorneys.

H.  The term "DIP Motion" means the Emergency Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to (A) Obtain Postpetition Financing Pursuant to 11 U.S.C. Sections 105, 361, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), and 364(e) and (B) Use Cash Collateral Pursuant to 11 U.S.C. Section 363, (II) Granting Adequate Protection Pursuant to 11 U.S.C. Sections 361, 362, 363, and 364, and (III) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c), filed on March 26, 2014 [Dkt No. 13].

I.  The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

J.  The term "Excel" means Microsoft Excel.

K.  The term "identify" means to identify, describe, define, indicate, list, name, show, specify, set forth, illustrate, portray or represent.

L.  The term "including" means including without limitation.

M.      The term "person" means any natural person or entity, including sole proprietorships, partnerships, corporations, associations, joint ventures, or any other legally recognized entity.

N.      The term "valuation" means any attempt to evaluate, assess, estimate, quantify, appraise, project or otherwise measure the economic, financial, monetary, selling price, net book, liquidation, acquisition, enterprise, fair market, going concern, solvency, or other value of the subject(s) of the valuation.

O.      The terms "you" and "your" refer to the DIP Lender, and its attorneys, employees, consultants, or other agents or representatives.

The following rules of construction shall apply:

P.      The terms "all" and "each" shall be construed as all and each.

Q.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the category all documents that might otherwise be construed to be outside of its scope.

R.      The use of the singular form of any word includes the plural and vice versa.

S.      The use of a verb in any tense shall be construed as the use of that verb in all other tenses whenever necessary to bring within the scope of these Requests all documents that might otherwise be construed as being outside such scope.

## INSTRUCTIONS

i.      In responding to the Requests, DIP Lender is required to produce all responsive documents in DIP Lender's possession, custody or control, including, without limitation, information in the possession, custody or control of any officer, employee, agent, director, manager, members, servant, consultant, representative, attorney, investigator, contractor,

subcontractor or expert, or any other person directly or indirectly employed or retained by DIP Lender, or anyone else who is acting on DIP Lender's behalf or who otherwise is subject to DIP Lender's control.

      ii.      To the extent the production of any document is objected to on the basis of privilege, provide the following information about each such document: (1) describe the nature of the privilege claimed (*e.g.*, attorney/client, work product, etc.); (2) state the factual and legal basis for the claim of such privilege (*e.g.*, privileged communication with counsel); (3) identify each person who prepared the document and who has seen the document; and (4) identify any other document that refers to or describes the contents of such document.

      iii.      All documents are to be produced in their entirety without abbreviation or expurgation.  In making documents available, all documents which are physically attached to each other in files shall be made available in that form.  Documents which are segregated or separated from other documents, whether by inclusion in binders, files, sub-files, or by use of dividers, tabs or any other method, shall be made available in that form.  Documents shall be made available in the order in which they were maintained.

      iv.      If any documents responsive to the Requests are known or believed to have been lost, destroyed, discarded or otherwise disposed of, DIP Lender shall provide, to the extent reasonably possible, a description of the document, its date, author(s), recipient(s) and contents, the date of its loss or other disposition, and the circumstances surrounding its loss or other disposition.

      v.      Each Request is continuing in nature and shall be modified or supplemented to include any additional later discovered responsive information, knowledge, data or documents.

vi.       Any document produced through a data room or cd shall require written response identifying the folder in the data room or cd where such document can be located and the specific bates stamp reference of such document.

vii.      Unless otherwise specifically indicated, the following document requests are limited to documents created on or after **September 30, 2013** and relating to any period after **September 30, 2013**.

viii.     In responding to the Requests, DIP Lender is required to produce all responsive documents at the offices of Thompson & Knight LLP, Attn: Ira L. Herman, 900 Third Avenue, 20th Floor, New York, NY 10022.

## DOCUMENT REQUESTS FOR PRODUCTION

1.      All documents or correspondence that you have provided to the Debtors or they have provided to you created on or after January 1, 2014.

2.      All documents or correspondence that you have provided to any other Bondholders concerning the Debtors or any other Bondholder has provided to you created on or after January 1, 2014.

3.      All valuations of the Debtors or their assets, and all documents or correspondence used in the preparation of, or in any way concerning such valuations, or provided to the person who conducted such valuation, including but not limited to all documents and correspondence concerning (i) the purpose of the valuation, the real or assumed conditions concerning the subject(s) of the valuation, financial data, financial statements, balance sheets, assets, liabilities, projections, cash flows (discounted, future or other), income, sales, revenue, earnings, expenses, depreciation, risk, expectations, premiums, volatility, capital structure, capitalization, cost of debt or equity, growth or decline trends, economic or industry conditions, comparatives, or any

other data that was considered, (ii) any assumptions, discounts, synergies, methods or methodologies, objective or subjective judgments, or adjustments applied, and (iii) any other information or data that was rejected or used in any aspect of the valuation.

4.      All documents or correspondence concerning the Debtors' contention in paragraph 43 of the DIP Motion that the Prepetition Lenders (as defined in the DIP Motion) have a substantial "equity cushion."

5.      All documents or correspondence concerning any trades that you have made in GGS Bonds since September 26, 2013, including (i) trade confirmations; (ii) documents or correspondence identifying (i) whether the trade is a purchase or sale; (ii) trade date; (iii) price; (iv) trade counterparty; and/or (v) principal amount.

6.      All documents or correspondence concerning the Debtors' cash projections or business forecast.

7.      All documents or correspondence concerning any actual or potential sale or disposition of (i) the Debtors or (ii) any of the Debtors' assets.

8.      All documents or correspondence concerning Geokinetics Inc. and the Debtors, including any discussions about a strategic combination.

# United States Bankruptcy Court

SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

```
-------------------------------------------------------------X
                                               :
In re                                          :     Chapter 11
                                               :     Case No. 14-20130 (RSS)
AUTOSEIS, INC., et al ¹                        :     (Southern District of Texas – Corpus Christi Division)
                                               :     (Jointly Administered)
                        Debtors.               :
-------------------------------------------------------------X     SUBPOENA DUCES TECUM
```

TO:  Wingspan Master Fund, LP c/o:

Chuck Gibbs and Marty Brimmage Jr            Arik Preis
AKIN GUMP STRAUSS HAUER & FELD               AKIN GUMP STRAUSS HAUER & FELD
1700 Pacific Avenue, Suite 4100              One Bryant Park
Dallas, TX 75201                             New York, NY 10036

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the time, date, and place set forth below to testify at a hearing or trial in this bankruptcy case.  When you arrive, you must remain at the court until the judge or court official allows you to leave.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

You must also bring with you following documents, electronically stored information, or objects: _____

☐ YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case . If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

The deposition will be recorded by this method: _____
☐ You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: _____

☒ YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

    See Schedule A attached.

| PLACE | DATE AND TIME |
|---|---|
| THOMPSON & KNIGHT LLP<br>Attn: Ira L. Herman<br>900 Third Avenue<br>20ᵗʰ Floor | **Beginning on a rolling basis starting on April 9, 2014 and to be completed no later than 5 p.m. (Eastern) on April 15, 2014.** |

¹ The Debtors in these chapter 11 cases are: Autoseis, Inc. (5224); Global Geophysical Services, Inc. (4281); Global Geophysical EAME, Inc. (2130); GGS International Holdings, Inc. (2420); Accrete Monitoring, Inc. (2256); and Autoseis Development Company (9066).

DOC ID - 21055362.1

| New York, NY 10022<br>Telephone: (212) 751-3001<br><br>Or such other location to be agreed upon by the parties. | |

☐     YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached -- Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

| ATTORNEY'S SIGNATURE<br><br>*Tye C. Hancock* by *(With Permission)* | DATE<br><br>April 2, 2014 |
|---|---|

The name, address, email address, and telephone number of the attorney representing the secured lenders, who issues or requests this subpoena, are:

> Tye C. Hancock
> THOMPSON & KNIGHT LLP
> 333 Clay Street, Suite 3300
> Houston, Texas 77002
> Telephone: (713) 653-8690

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

I received this subpoena for (*name of individual and title, if any*): _____
on (*date*) _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information

that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

DOC ID - 21055362.1          For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

## DEFINITIONS

A.      The definitions and rules of construction set forth in Bankruptcy Rule 7026 are incorporated by reference as if set forth fully herein.

B.      The terms "DIP Lender", "your" or "you" includes not only Wingspan Master Fund, LP, but also each of its employees, agents, servants, representatives, investigators, attorneys, and any other person acting at any time on its behalf and any other persons who are in possession of or may have obtained information for or on behalf of Wingspan Master Fund, LP as to any matter relevant to any subject of this request for documents (the "Requests").

C.      The term "GGS Bonds" means the (i) $200 million aggregate principal amount of 10.5% Senior Notes due 2017 issued by Global Geophysical Services, Inc. pursuant to an indenture dated as of April 27, 2010, and (ii) $50 million aggregate principal amount of 10.5% Senior Notes due 2017 issued pursuant to an indenture dated as of March 28, 2012.

D.      The term "Bondholders" refers to the holders of GGS Bonds.

E.      The term "concerning" means relating to, referring to, describing, evidencing or constituting.  In this regard, a document or correspondence "concerning" a given subject matter means any document or correspondence that relates to, refers to, describes, evidences, constitutes, is incidental to, contains, pertains to, embodies, comprises, reflects, indicates, constitutes, records, memorializes, evaluates, considers, reviews, reports, demonstrates, identifies, discusses, mentions, states, deals with, comments on, responds to, analyzes, or is in any way pertinent to that subject, including, without limitation, documents concerning the presentation of other documents.

F.      The term "correspondence" means documents or communications exchanged or intended to be exchanged by any means between two or more persons.

G.      The term "Debtors" means any or all of: (i) Autoseis, Inc., Global Geophysical Services, Inc., Global Geophysical EAME, Inc., GGS International Holdings, Inc., Accrete Monitoring, Inc., and/or Autoseis Development Company; (ii) any of their respective agents, subsidiaries, affiliates, divisions and branch offices (whether or not legally separate entities), predecessors, or representatives; and (iii) any of their respective employees, officers, directors, agents, financial or business advisors, and attorneys.

H.      The term "DIP Motion" means the Emergency Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to (A) Obtain Postpetition Financing Pursuant to 11 U.S.C. Sections 105, 361, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), and 364(e) and (B) Use Cash Collateral Pursuant to 11 U.S.C. Section 363, (II) Granting Adequate Protection Pursuant to 11 U.S.C. Sections 361, 362, 363, and 364, and (III) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c), filed on March 26, 2014 [Dkt No. 13].

I.       The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

J.       The term "Excel" means Microsoft Excel.

K.      The term "identify" means to identify, describe, define, indicate, list, name, show, specify, set forth, illustrate, portray or represent.

L.       The term "including" means including without limitation.

M.     The term "person" means any natural person or entity, including sole proprietorships, partnerships, corporations, associations, joint ventures, or any other legally recognized entity.

N.     The term "valuation" means any attempt to evaluate, assess, estimate, quantify, appraise, project or otherwise measure the economic, financial, monetary, selling price, net book, liquidation, acquisition, enterprise, fair market, going concern, solvency, or other value of the subject(s) of the valuation.

O.     The terms "you" and "your" refer to the DIP Lender, and its attorneys, employees, consultants, or other agents or representatives.

The following rules of construction shall apply:

P.     The terms "all" and "each" shall be construed as all and each.

Q.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the category all documents that might otherwise be construed to be outside of its scope.

R.     The use of the singular form of any word includes the plural and vice versa.

S.     The use of a verb in any tense shall be construed as the use of that verb in all other tenses whenever necessary to bring within the scope of these Requests all documents that might otherwise be construed as being outside such scope.

## INSTRUCTIONS

i.     In responding to the Requests, DIP Lender is required to produce all responsive documents in DIP Lender's possession, custody or control, including, without limitation, information in the possession, custody or control of any officer, employee, agent, director, manager, members, servant, consultant, representative, attorney, investigator, contractor,

subcontractor or expert, or any other person directly or indirectly employed or retained by DIP Lender, or anyone else who is acting on DIP Lender's behalf or who otherwise is subject to DIP Lender's control.

    ii.      To the extent the production of any document is objected to on the basis of privilege, provide the following information about each such document: (1) describe the nature of the privilege claimed (*e.g.*, attorney/client, work product, etc.); (2) state the factual and legal basis for the claim of such privilege (*e.g.*, privileged communication with counsel); (3) identify each person who prepared the document and who has seen the document; and (4) identify any other document that refers to or describes the contents of such document.

    iii.      All documents are to be produced in their entirety without abbreviation or expurgation. In making documents available, all documents which are physically attached to each other in files shall be made available in that form. Documents which are segregated or separated from other documents, whether by inclusion in binders, files, sub-files, or by use of dividers, tabs or any other method, shall be made available in that form. Documents shall be made available in the order in which they were maintained.

    iv.      If any documents responsive to the Requests are known or believed to have been lost, destroyed, discarded or otherwise disposed of, DIP Lender shall provide, to the extent reasonably possible, a description of the document, its date, author(s), recipient(s) and contents, the date of its loss or other disposition, and the circumstances surrounding its loss or other disposition.

    v.      Each Request is continuing in nature and shall be modified or supplemented to include any additional later discovered responsive information, knowledge, data or documents.

vi.      Any document produced through a data room or cd shall require written response identifying the folder in the data room or cd where such document can be located and the specific bates stamp reference of such document.

vii.     Unless otherwise specifically indicated, the following document requests are limited to documents created on or after **September 30, 2013** and relating to any period after **September 30, 2013**.

viii.    In responding to the Requests, DIP Lender is required to produce all responsive documents at the offices of Thompson & Knight LLP, Attn:  Ira L. Herman, 900 Third Avenue, 20th Floor, New York, NY 10022.

## DOCUMENT REQUESTS FOR PRODUCTION

1.      All documents or correspondence that you have provided to the Debtors or they have provided to you created on or after January 1, 2014.

2.      All documents or correspondence that you have provided to any other Bondholders concerning the Debtors or any other Bondholder has provided to you created on or after January 1, 2014.

3.      All valuations of the Debtors or their assets, and all documents or correspondence used in the preparation of, or in any way concerning such valuations, or provided to the person who conducted such valuation, including but not limited to all documents and correspondence concerning (i) the purpose of the valuation, the real or assumed conditions concerning the subject(s) of the valuation, financial data, financial statements, balance sheets, assets, liabilities, projections, cash flows (discounted, future or other), income, sales, revenue, earnings, expenses, depreciation, risk, expectations, premiums, volatility, capital structure, capitalization, cost of debt or equity, growth or decline trends, economic or industry conditions, comparatives, or any

other data that was considered, (ii) any assumptions, discounts, synergies, methods or methodologies, objective or subjective judgments, or adjustments applied, and (iii) any other information or data that was rejected or used in any aspect of the valuation.

4.    All documents or correspondence concerning the Debtors' contention in paragraph 43 of the DIP Motion that the Prepetition Lenders (as defined in the DIP Motion) have a substantial "equity cushion."

5.    All documents or correspondence concerning any trades that you have made in GGS Bonds since September 26, 2013, including (i) trade confirmations; (ii) documents or correspondence identifying (i) whether the trade is a purchase or sale; (ii) trade date; (iii) price; (iv) trade counterparty; and/or (v) principal amount.

6.    All documents or correspondence concerning the Debtors' cash projections or business forecast.

7.    All documents or correspondence concerning any actual or potential sale or disposition of (i) the Debtors or (ii) any of the Debtors' assets.

8.    All documents or correspondence concerning Geokinetics Inc. and the Debtors, including any discussions about a strategic combination.