Re: Doc 317



ENTERED
06/05/2014

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| In re | § § § | Chapter 11 |
| AUTOSEIS, INC., *et al.*,[1] | § § | Case No. 14-20130 |
| Debtors. | § § § § | Jointly Administered |

## ORDER AUTHORIZING AND APPROVING
## KEY EMPLOYEE RETENTION PLAN

Upon the motion (the "Motion") of the Debtors for entry of an order authorizing and approving the key employee retention program (the "Retention Program"); and it appearing that the relief requested is in the best interests of the Debtors, their estates, creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED that:

1. The Motion is GRANTED.

2. The Retention Program[2], in the form attached to this Order, is authorized and approved in its entirety.

3. All payments due under the Retention Program shall be entitled to administrative expense priority pursuant to 11 U.S.C. §§ 363(b)(1) and 503(b)(1)(A).

4. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this order, in accordance with the Motion.

---

[1] The Debtors in these chapter 11 cases are: Autoseis, Inc. (5224); Global Geophysical Services, Inc. (4281); Global Geophysical EAME, Inc. (2130); GGS International Holdings, Inc. (2420); Accrete Monitoring, Inc. (2256); and Autoseis Development Company (9066).

[2] Capitalized but undefined terms herein shall have the same meanings as ascribed to them in the Motion and the Retention Program, as the case may be.

1

5.  Any and all payments arising under, arising in connection with, or authorized to be made by this Order, or otherwise relating to the relief requested in the Motion, shall be subject to, as applicable, the Final DIP Order.

6.  The Debtors shall maintain a list of all payments made on account of the Retention Program, and the Debtors shall provide updated copies of such lists to the legal and financial advisors to the Ad Hoc Group and Creditors Committee no later than two weeks after any retention payments are made under the Retention Program.

7.  If the Debtors have not emerged from chapter 11 on or prior to September 30, 2014, the Debtors will be permitted to continue the Retention Program for each successive quarter on the same terms (and amounts) so long as neither the Ad Hoc Group, the United States Trustee, nor the Creditors' Committee have served an objection to such continuation by the Continuation Objection Deadline (defined below) on counsel for the Debtors at: luckey.mcdowell@bakerbotts.com.  The deadline for the Ad Hoc Group, the United States Trustee, and the Creditors' Committee to object to the continuation of the Retention Program to any successive quarter following September 30, 2014 shall be the last day of the first month of any such quarter (the "Continuation Objection Deadline").  For example, the deadline for the Ad Hoc Group, the United States Trustee, and the Creditors' Committee to serve an objection to the continuation of the Retention Program to the quarter following September 30, 2014 shall be October 31, 2014; the deadline for the Ad Hoc Group, the United States Trustee, and the Creditors' Committee to serve an objection to the continuation of the Retention Program to the quarter following December 31, 2014 shall be January 31, 2015; and so on.  The Debtors are entitled to expedited consideration of any such objection within five business days of the Debtors' receipt of such objection, subject to the Court's availability.

8. The Debtors may make any payment from the Total Pool under the limitations set forth in the Motion; provided, however, that if the Debtors have spent more than $50,000 in the aggregate (calculated on a cumulative basis) from the Total Pool, such payment may be made so long as (a) the Debtors have provided four business days' notice to counsel for the Ad Hoc Group (apreis@akingump.com and cgibbs@akingump.com and mhaynes@akingump.com), the United States Trustee (Diane.G.Livingstone@usdoj.gov and Barbara.C.Jue@usdoj.gov and Hector.Duran.Jr@usdoj.gov), and the Creditors' Committee (heyens@gtlaw.com and jessupc@gtlaw.com and eastlaked@gtlaw.com) of its intent to make such payment (the "Proposal Notice") and (b) neither the Ad Hoc Group, the United States Trustee, nor the Creditors' Committee have served an objection to such payment by the Discretionary Payment Objection Deadline (defined below) on counsel for the Debtors at: luckey.mcdowell @bakerbotts.com. The Proposal Notice shall be sent via email to counsel to the Ad Hoc Group, the United States Trustee, and the Creditors' Committee at the email addresses listed above, and shall include (a) the position of the employee proposed to receive the payment; (b) such employee's 2012, 2013, and 2014 total compensation, including bonus; (c) the proposed amount to be paid to such employee; and (d) a short description of the reasoning supporting such payment. The deadline for the Ad Hoc Group, the United States Trustee, and the Creditors' Committee to object to such payment shall be four business days following the Debtors' notice of its intent to make such payment (the "Discretionary Payment Objection Deadline"). The Debtors are entitled to expedited consideration of any such objection within five business days of the Debtors' receipt of such objection, subject to the Court's availability.

9. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: ~~May~~ June 5, 2014

_Richard S. Schmidt_
Richard S. Schmidt
United States Bankruptcy Judge