IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| In re | § § | Chapter 11 |
| AUTOSEIS, INC., *et al.*[1] | § § | Case No. 14-20130 |
| Debtors. | § § § § | Jointly Administered |

**DEBTORS' MOTION PURSUANT TO RULE 4001(D) FOR AN ORDER APPROVING AGREEMENT WITH IDOLINA PEREZ TO MODIFY THE AUTOMATIC STAY**

IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. PURSUANT TO BANKRUPTCY RULE 4001(D), UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN FOURTEEN DAYS FROM THE DATE OF MAILING OF THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE. IF NO OBJECTION IS FILED BY THE ABOVE DEADLINE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED WITHOUT A HEARING. IF AN OBJECTION TO THIS MOTION IS TIMELY FILED AND REMAINS UNRESOLVED, A HEARING WILL BE CONDUCTED ON THIS MATTER ON OCTOBER 6, 2014 AT 2:00 P.M. IN THE COURTROOM OF THE HONORABLE JUDGE RICHARD SCHMIDT, U.S. BANKRUPTCY COURT, 1133 N. SHORELINE BLVD., CORPUS CHRISTI, TX 78401.

Global Geophysical Services, Inc. ("Global") and the other debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), in agreement with Idolina Perez ("Ms. Perez" or the "Plaintiff"), respectfully move the Court for entry of an order approving an agreement between Global and the Plaintiff and modifying the automatic stay to allow certain personal injury proceedings to proceed subject to an agreement between the parties limiting any

---

[1] The Debtors in these chapter 11 cases are: Autoseis, Inc. (5224); Global Geophysical Services, Inc. (4281); Global Geophysical EAME, Inc. (2130); GGS International Holdings, Inc. (2420); Accrete Monitoring, Inc. (2256); and Autoseis Development Company (9066).

1

potential recovery to any applicable insurance proceeds and subject to the terms and conditions of the agreement attached hereto ("Motion"). In support of this Motion, the Debtors represent as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. The Court's consideration of this Motion is a core proceeding under 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

**A.  Procedural Background**

2. On March 25, 2014 (the "Petition Date"), the Debtors filed voluntary petitions for relief in this Court (the "Bankruptcy Court") under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

3. The Debtors remain in possession of their property and are operating their business as debtors-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. On April 4, 2014, the United States Trustee appointed an Official Committee of Unsecured Creditors [Docket Nos. 118 and 122].

**B.  The Perez Action[2]**

5. On May 3, 2013, Ms. Perez filed an action, *Perez v. Global Geophysical Services, Inc., Paisano Lease Co., Inc., and Amancio Rosas, Jr.*, Cause No. 13-05-16317 CV in the 79th Judicial District Court, Brooks County, Texas (the "Perez Action"), alleging a personal injury claim against Global relating to an April 2012 traffic incident. A copy of the original petition is attached hereto as Exhibit A.

---

[2] The facts as described in this Section are merely for informational purposes. Nothing herein may be construed as an admission of liability or of any fact.

2

6. The claims against Global in the Perez Action are being defended pursuant to an insurance policy, Policy Number 792-00-07-30-0000 (the "Insurance Policy"), issued by OneBeacon America Insurance Company (the "Insurance Company"). The Insurance Policy's effective policy period was April 8, 2012 to April 8, 2013. The Debtors owe no deductible or self-insured retention payments under the Insurance Policy.

7. On the Petition Date, the Perez Action was stayed pursuant to the automatic stay under section 362 of the Bankruptcy Code. Seeking to proceed in her action, the Plaintiff requested that the Debtors consent to a modification of the automatic stay to allow the cases to continue with any possible recovery limited to amounts recoverable under the Insurance Policy, if any.

8. Ms. Perez and Global entered into an agreement (the "Perez Agreement") to modify the automatic stay to permit the Perez Action to proceed, subject to Bankruptcy Court approval. A copy of the Perez Agreement is attached hereto as Exhibit B and is incorporated by reference for all purposes as if set forth fully herein.

9. Pursuant to Rule 4001(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Global and the Plaintiff agreed that:[3]

> (a) The automatic stay shall be modified to allow the Perez Action to proceed against Global; provided that any recovery awarded or settlement reached in the Perez Action, including any related attorneys' fees or costs, to the extent applicable, is limited solely to amounts recoverable under the Insurance Policy, if any; and provided further that the Plaintiff agrees to waive any rights to, and agrees not to seek to obtain, any written or oral discovery in the Perez Action from any of the Debtors, including individual directors, officers and employees of such Debtors, provided that nothing herein shall limit Ms. Perez's rights to seek to obtain written or oral discovery from third parties. For avoidance of doubt, third parties shall mean parties such as doctors and experts;

---

[3] The summary of the Agreement set forth in this motion is not intended to be a substitute for the Agreement itself, which contains additional terms and provisions. In the event of a conflict between the language provided in the Agreement and that provided in this Motion, the language in the Agreement controls.

(b) upon entry of an order by the Bankruptcy Court approving the Agreement, the Plaintiff immediately shall be deemed to have irrevocably covenanted not to seek any recovery from the Debtors, their estates, or their respective successors, predecessors, assigns, affiliates, officers, directors, shareholders, employees, attorneys, and agents on account of or in relation to any claims, causes of action, suits, debts, obligations, liabilities, accounts, damages, defenses, or demands whatsoever, known or unknown, asserted in or that relate in any way to the Perez Action, as applicable; provided, however, that such covenants shall not limit or prevent the assertion or prosecution of any such claims, causes of action, suits, debts, obligations, liabilities, accounts, damages, defenses, or demands whatsoever solely to the extent that the recovery, collection, or enforcement on account of any resulting judgment, award, settlement, or otherwise shall be and is solely from the proceeds of the Insurance Policy;[4] and

(c) in the event that the Bankruptcy Court approves such stay relief, Plaintiff agrees not to file, support, or prosecute any proof of claim in the Debtors' bankruptcy cases with respect to any claim relating to the Perez Action, and, if any such claim has been filed at the time the order granting stay relief is entered, such claim(s) shall be deemed disallowed.

## RELIEF REQUESTED

10. By this Motion, the Debtors seek an order approving the Agreement, releasing the Debtors' estates from any liability to the Plaintiff relating to the Perez Action, and modifying the automatic stay to allow the Perez Action to proceed against Global; provided that any recovery or settlement in the Perez Action is limited to amounts recoverable under the Insurance Policy, if any and in accordance with the other terms and conditions set forth in the Agreement.

## BASIS FOR RELIEF

11. Pursuant to Bankruptcy Rule 4001, the Court may enter an order approving an agreement to modify the automatic stay without a hearing if no objection is filed, or after a hearing if a timely objection is filed. *See* FED. R. BANKR. P. 4001(d). Section 362(d) of the

---

[4] As described below, the Debtors maintain that to the extent the Insurance Company pays any proceeds of the Insurance Policy, such proceeds are not property of the estate.

4

Bankruptcy Code allows for the modification of the automatic stay and states in pertinent part as follows:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
>> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>>
>> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
>>
>>> (A) the debtor does not have an equity in such property; and
>>>
>>> (B) such property is not necessary to an effective reorganization;

11 U.S.C. § 362(d). Courts have approved agreements to modify the automatic stay pursuant to Bankruptcy Rule 4001 and Section 362 of the Bankruptcy Code in similar and other circumstances. *See In re Blitz U.S.A., Inc.*, et al., Case No. 11-13603 (Bankr. D. Del. Oct. 8, 2013) (Docket No. 1780) (approving stipulation to modify stay to allow for mediation of personal injury claims covered by debtor's insurance policy); *In re Exide Techs.*, Case No. 13-11482 (Bankr. D. Del. Aug. 15, 2013) (Docket No. 521) (approving stipulation to modify automatic stay to allow payment under insurance policy); *In re R.E. Loans, LLC, et al.*, Case No. 11-35865 (Bankr. N.D. Tex. Mar. 9, 2012) (Docket No. 615) (approving stipulation to modify stay to allow for secured creditor to foreclose on property).

12. In determining whether cause exists to modify the stay, courts have considered numerous factors, including, among others, whether relief would result in a partial or complete resolution of the issues, whether lifting the stay would interfere with the bankruptcy case, whether the debtor's insurer has assumed full responsibility for defending the action at issue, and whether lifting the stay would promote judicial economy and expeditious and economical resolution of the litigation. *In re Patel*, No. 10-34767-H3-7, 2010 WL 3239128, at *2 (Bankr.

S.D. Tex. Aug. 16, 2010) (citing *In re Curtis*, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984)); *In re New York Med. Group, P.C.*, 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001); *see also In re The Consol. FGH Liquidating Trust*, 419 B.R. 636, 648 (Bankr. S.D. Miss. 2009) (citing factors); *In re Fowler*, 259 B.R. 856, 859 n.1 (Bankr. E.D. Tex. 2001) (same). In balancing these considerations, courts consider only those factors that are relevant to the particular case at hand and need not assign equal weight to each factor. *In re Patel*, 2010 WL 3239128, at *3; *In re U.S. Brass Corp.*, 176 B.R. 11, 13 (Bankr. E.D. Tex. 1994); *In re Mazzeo*, 167 F.3d 139, 143 (2d Cir. 1999).

13. In this case, application of the factors weighs heavily in favor of approving the Agreement and modifying the stay to allow Plaintiff to continue to prosecute her personal injury claims in the Perez Action. Allowing the Perez Action to proceed will allow the Debtors to completely resolve the issues involved in the action. Avoiding the delay caused by the automatic stay will further the interests of judicial economy and expeditious resolution of the Perez Action because, among other reasons, this Court is not authorized to enter a final order in a personal injury action. *See* 28 U.S.C. § 157(b)(5). Further, the application of the automatic stay to the Perez Action is causing hardship to the Plaintiff (with no corresponding benefit to the Debtors) due to the inordinately long time it would take to get her personal injury case decided if the stay is not lifted. *See, e.g.*, *In re 15375 Memorial Corp.*, 382 B.R. at 690 (lifting stay because, among other reasons, movant was "prejudiced by the lapse of time in terms of its ability to effectively prosecute its claims"); *Elliott v. Hardison*, 25 B.R. 305, 308 (E.D. Va. 1982) ("Where the claim is one covered by insurance or indemnity, continuation of the action should be permitted since hardship to the debtor is likely to be outweighed by hardship to the plaintiff.") (quoting 2 COLLIER ON BANKRUPTCY ¶ 362.07[3] (15th ed. 1980)).

14. Most significantly, in the event of any award or settlement in the Perez Action, allowing the Perez Action to proceed would not interfere with the Debtors' estates because any applicable insurance proceeds would be paid directly to Ms. Perez, and therefore, are not property of the estate. *In re Babcock & Wilcox Co.*, No. 02-30721, 2003 WL 21356060, at *1-2 (5th Cir. May 30, 2003) (per curiam); *see also Matter of Edgeworth*, 993 F.2d 51, 55-56 (5th Cir. 1993) ("When a payment by the insurer cannot inure to the debtor's pecuniary benefit, then that payment should neither enhance nor decrease the bankruptcy estate."); *Miller v. Mcdonald (In re World Health Alternatives, Inc.)*, 369 B.R. 805, 811 (Bankr. D. Del. 2007) (proceeds not property of the estate where the debtor had no right to recovery from the insurance policy). Other creditors in the bankruptcy will not be harmed by granting the Motion because the Plaintiff has disavowed any claim to the Debtors' estate and will not be able to enforce any judgment or settlement directly against the Debtors or their estates. *See R.J. Groover Construction*, 411 B.R. at 465; *In re Loudon*, 284 B.R. 106, 108 (B.A.P. 8th Cir. 2002); *In re G.S. Distribution. Inc*., 331 B.R. 552, 567-68 (Bankr. S.D.N.Y. 2005) (finding no prejudice to creditors from lifting stay because movant would not be able to enforce judgment without permission of bankruptcy court); *In re 15375 Memorial Corp*., 382 B.R. at 690 (lifting stay because movant's "recovery against available insurance proceeds will in no way negatively impact the rights of the handful of other creditors in these cases"); *In re Winterland*, 101 B.R. 547, 550-51 (Bankr. C.D. Ill. 1988) (modifying automatic stay to allow FDIC to proceed against debtor and other defendants in federal court where debtor covered by insurance, but barring FDIC from collecting against debtor's assets).

15. In this case, the Debtors and their estates would in no way be impaired by allowing the Perez Action to proceed because the Plaintiff has agreed to limit her recovery in the

Perez Action to proceeds recoverable from the Insurance Company, if any. Further, the Debtors will not suffer any financial burden from continuing to defend that case, because the litigation counsel representing Global in the Perez Action has been hired by the Insurance Company and is not performing services in these Chapter 11 cases.[5] *See In re Holtkamp*, 669 F.2d 505, 508-09 (7th Cir. 1982) (stay lifted to allow civil action to go forward since insurer assumed full responsibility for defending litigation). In addition, as set forth in the Agreement, Plaintiff has agreed to waive any rights to, and agreed not seek to obtain, any written or oral discovery in the Perez Action from any of the Debtors, including individual directors, officers and employees of such Debtors, which will minimize the burden to Global's in-house counsel, if any.

16. For the reasons stated above, the Debtors respectfully request that this Court enter an order approving the Agreement, releasing the Debtors' estates from any liability to the Plaintiff relating to the Perez Action, and modifying the automatic stay to allow the Perez Action to proceed against Global; provided that any recovery or settlement in the Perez Action is limited to amounts recoverable under the Insurance Policy, if any.

17. Notice of this Motion has been given in accordance with this Court's Order Establishing Notice Procedures [Docket No. 70] and in accordance with Bankruptcy Rule 4001(d).

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form submitted herewith, granting the relief requested by this Motion and such further relief as may be just and necessary under the circumstances.

---

[5] Because counsel is being paid by Insurance Company directly, the Debtors do not believe it is necessary to file an employment application to employ this counsel or include them in the ordinary course professional process.

Date:  September 17, 2014	Respectfully submitted,

BAKER BOTTS L.L.P.

*/s/ Omar J. Alaniz*
C. Luckey McDowell, State Bar No. 24034565
Omar Alaniz, State Bar No. 24040402
Ian E. Roberts, State Bar No. 24056217
2001 Ross Avenue
Dallas, Texas  75201
Telephone:  214.953.6500
Facsimile:   214.953.6503
Email: *luckey.mcdowell@bakerbotts.com*
         *omar.alaniz@bakerbotts.com*
         *ian.roberts@bakerbotts.com*

JORDAN, HYDEN, WOMBLE, CULBRETH & HOLZER, P.C.

Shelby A. Jordan, State Bar No. 11016700
Nathaniel Peter Holzer, State Bar No. 00793971
Suite 900, Bank of America
500 North Shoreline
Corpus Christi, Texas 78471
Telephone:  361.884.5678
Facsimile:   361.888.5555
Email: *sjordan@jhwclaw.com*
         *pholzer@jhwclaw.com*

**COUNSEL TO DEBTORS-IN-POSSESSION**