IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | CASE NO. 14-20130 |
| AUTOSEIS, INC., *et al.*,[1] | § § | CHAPTER 11 |
| Debtors. | § § § § | JOINTLY ADMINISTERED |

**RESPONSE AND OBJECTION OF RICHARD A. DEGNER
TO THE PROPOSED CURE AMOUNTS REGARDING THE
ASSUMPTION OF AN EXECUTORY CONTRACT**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Comes now, Richard A. Degner (hereinafter "Degner"), a party in interest herein, and respectfully files this Response and Objection to Proposed Cure Amounts Regarding the Assumption of an Executory Contract and would respectfully state the following:

1. Degner is not a creditor of this estate but is a party in interest herein. Degner is the owner of the trademark licensed by the Debtor, pursuant to that Servicemark License Agreement (the "License Agreement") dated January 10, 2006.

2. On or about November 4, 2014, Debtors served a Notice of (I) Potential Assumption of Executory Contracts, (II) Proposed Cure Amounts and (III) Deadline to Object Thereto (the "Notice")[Docket No. 758]. The Notice indicated that three (3) Executory Contracts between Degner and the Debtors were to be assumed. On December 2, 2014, the Debtors served their Plan Supplement to Second Amended Joint Chapter 11 Plan of Reorganization of Global Geophysical Services, Inc, and Its Debtor Affiliates, As

---

[1] The Debtors in these Chapter 11 cases are: Autoseis, inc. (5224); Global Geophysical Services, Inc. (4281); Global Geophysical EAME, Inc. (2130); GGS International Holdings, Inc. (2420); Accrete Monitoring, Inc. (2556); and Autoseis Development Company (9066).

Reformed ("Plan Supplement")[Docket No. 870]. The Plan Supplement included an exact list of executory contracts to be assumed. Only one executory contract was listed for Degner. This executory contract is the License Agreement dated effective January 10, 2006.

3. Degner has not consented to the assumption of the executory contract pursuant to 11 U.S.C. §365(c).

4. The Debtor list the cure amount on this executory contract as $00.00.

5. While no monetary default may exist, a non-monetary default exists due to the "Change In Control" (the "CIC") provision included in the License Agreement.

6. Pursuant to Section 3.2 of the License Agreement, a CIC is defined as:

> 3.2.1   More than fifty percent (50%) of the outstanding voting securities of an Entity are sold or otherwise transferred to any Entity which was not a Related Entity of the Entity as of the date of this License; or
>
> 3.2.2   An Entity is merged or consolidated, whether (i) by acquisition, (ii) by statutory merger, or (iii) by any other means with or into another Entity and as a result of such merger or consolidation more than fifty percent (50%) of the outstanding voting securities of the surviving Entity are not owned by the Entities which were in control of that Entity as of the date of this License; or
>
> 3.2.3   An Entity in physical possession of the Mark sells or transfers all or a substantial part of all of its assets to another Entity (which is not a Related Entity of the Entity performing the transfer); or
>
> 3.2.4   The individuals who constitute the Entity's board or directors or managers or (if that Entity's management is not vested in one or more managers) members on the date set out at the beginning of this License (its "Incumbent Management") cease for any reason to constitute at least a majority thereof, provided that any individual becoming a director, manager, or (if applicable) member after that date who was nominated for such position by the directors, managers, or (if applicable) members comprising the Incumbent Management shall be deemed to be a member of the Incumbent Management for the purposes of this Article 3.3.4.

7. The Debtor is presently in default of this provision and will be in default upon the confirmation of the Second Amended Plan of Reorganization.

8. Pursuant to the terms of 11 U.S.C. §365, an executory contract may not be assumed unless all of its provisions are assumed.

9. The Debtors purportedly desire to assume the License Agreement and then, pursuant to the terms of the Second Amended Plan of Reorganization gut those provisions of the License Agreement that they deem undesirable including the CIC provision. The Debtors' Second Amended Chapter 11 Plan provides that:

> Assumption of any agreement, Executory Contract or Unexpired Lease pursuant to the Plan or otherwise, shall result in the full release and satisfaction of any Claims or defaults, whether monetary or nonmonetary, and the deemed waiver of any termination right or remedial provision arising under any such agreement, Executory Contract or Unexpired Lease at any time prior to the effective date of its assumption, or as a result of such assumption, the transactions contemplated by the Plan or any changes in control or ownership of any Debtors during the Chapter 11 Cases or as a result of the implementation of the Plan. For the avoidance of doubt, any clause or provision of any agreement between the Debtor and any other party (including any holder of a Claim or Interest under the Plan) that purports to modify the rights of such other party based on the Plan, events relating to the Chapter 11 Cases, or any of the transactions contemplated by the Plan shall be ineffective, including without limitation that certain Service Mark Agreement, dated January 10, 2006, by and between GGS and Richard Degner.

10. Degner would assert that said Plan provisions would effectively controvert the Debtors' obligations pursuant to section 365 of the Bankruptcy Code.

11. Reserves all rights to assert any additional objections as may be necessary in the event the Debtors file any further amendments to the Plan Supplement, and or the Plan.

12. Further, Degner reserves the right to object to the confirmation proposed Plan.

For the reasons set forth above, Degner respectfully requests that the Court deny the assumption of the executory contract and grant such other and further relief as it deems just and proper.

Dated this 4th day of December, 2014.

                Respectfully submitted,

                BAKER & HOSTETLER LLP

                By:    */s/ Pamela Gale Johnson*
                          Pamela Gale Johnson
                          State Bar No. 10777700; Fed ID No. 4481
                          811 Main Street, Suite 1100
                          Houston, Texas 77002-6111
                          Telephone:  (713) 646-1324
                          Facsimile:   (713) 751-1717
                          E-mail:  pjohnson@bakerlaw.com

                ATTORNEYS FOR RICHARD A. DEGNER,
                AN INTERESTED PARTY

## **CERTIFICATE OF SERVICE**

       I hereby certify that a true and correct copy of the foregoing document was served by the Court's CM/ECF system to all registered ECF users appearing in the case on December 4, 2014 and via email and/or hand delivery to the following parties.

The Debtors: Global Geophysical Services, Inc., 13927 S. Gessner Rd., Missouri City, TX 77489, Attention: James E. Brasher, with a copy to counsel to the Debtors, Baker Botts L.L.P., 2001 Ross Avenue, Dallas, Texas 75201, Attention: C. Luckey McDowell and James R. Prince, fax: (214) 953-6503, e-mail: luckey.mcdowell@bakerbotts.com and jim.prince@bakerbotts.com.

Counsel to the DIP Lenders: Akin Gump Strauss Hauer & Feld LLP, Bank of America Tower, New York, NY 10036, Attn: Arik Preis, fax: (212) 872-1002, e-mail: apreis@akingump.com.

Counsel to the Official Committee of Unsecured Creditors: Greenberg Traurig, LLP, Clifton Jessup and Shari L. Heyen, fax: (713) 374-3564, e-mail: jessupc@gtlaw.com and heyens@gtlaw.com.

The Office of the United States Trustee: Office of the United States Trustee, 606 N. Carancahua, Ste. 1107, Corpus Christi, TX 78401, Attn: Barbara C. Jue, fax: (361) 888-3263, email: barbara.c.jue@usdoj.gov.

                                              */s/ Pamela Gale Johnson*
                                              Pamela Gale Johnson

092084.000002 605500565.1