IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| In re § <br> § <br> AUTOSEIS, INC., *et al.*[1] § <br> § <br> Debtors. § <br> § <br> § | Chapter 11 <br><br> Case No. 14-20130 <br><br> Jointly Administered |

ORDER (I) APPROVING AGREEMENT TO MODIFY THE AUTOMATIC STAY AND
(II) MODIFYING THE AUTOMATIC STAY TO ALLOW PURSUIT OF CERTAIN
CLAIMS AGAINST THE DEBTORS SOLELY TO THE EXTENT
OF AVAILABLE INSURANCE PROCEEDS

(Relates to Docket No. _____)

Upon the motion (the "Motion")[2] of Global Geophysical Services, Inc. ("Global") and the other debtors in possession in the above-captioned cases (such debtors, including Global, the "Debtors"), in agreement with Richard Kevin Ritz ("Mr. Ritz" or the "Plaintiff"), for entry of an order approving the Ritz Agreement and allowing the proceedings in a certain personal injury proceeding to proceed subject to an agreement between the parties limiting any potential recovery to any applicable insurance proceeds, all as more fully set forth in the Motion; and upon all of the proceedings had before the Court; the Court HEREBY FINDS AS FOLLOWS:

    (a)    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334;

    (b)    The Motion is a core proceeding pursuant to 28 U.S.C. § 157(b);

---

[1] The Debtors in these chapter 11 cases are: Autoseis, Inc. (5224); Global Geophysical Services, Inc. (4281); Global Geophysical EAME, Inc. (2130); GGS International Holdings, Inc. (2420); Accrete Monitoring, Inc. (2256); and Autoseis Development Company (9066).
[2] Unless defined otherwise herein, capitalized terms used herein shall have the meanings ascribed to them in the Motion.

1

(c) Venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409;

(d) Cause exists for lifting the automatic stay for the limited purpose provided herein;

(e) Allowing the Ritz Action to proceed to the extent provided herein would neither interfere with these chapter 11 cases nor prejudice other creditors;

(f) Any proceeds payable to the Plaintiff under the Insurance Policy are not property of the estate;

(g) The relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and

(h) The Debtors provided adequate and appropriate notice of the Motion under the circumstances; and that no other or further notice is required;

(i) The relief requested in the Motion is, and shall be, conditioned on the Plaintiff paying the $750.00 in sanctions awarded to Global pursuant to the "Minutes of Telephone Motion Hearing and Order" dated January 30, 2014 entered in the Ritz Action.

Therefore, the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, and conditioned on the Plaintiff paying the $750.00 in sanctions awarded to Global pursuant to the "Minutes of Telephone Motion Hearing and Order" dated January 30, 2014 entered in the Ritz Action, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Agreement is hereby approved in its entirety.

3. The automatic stay is hereby modified to allow case *Richard Kevin Ritz v. Global Geophysical Services, Inc.*, Case No. 6:13-cv-01251-RFD-CMH, before the United States District Court for the Western District of Louisiana, Lafayette-Opelousas Division, to proceed; provided that any recovery or settlement in the Ritz Action is limited to amounts recoverable, if any, under the Insurance Policy; and provided further, in consideration of the parties' stipulation of facts in the Ritz Agreement, that the Plaintiff waives any rights to, and shall not seek to obtain any written or oral discovery in the Ritz Action from any of the Debtors, including individual directors, officers and employees of such Debtors, provided that nothing herein shall limit Mr. Ritz's rights to seek to obtain written or oral discovery from third parties. For avoidance of doubt, third parties shall mean parties such as doctors and experts.

4. The Plaintiff shall not seek recovery against the Debtors, the Debtors' estates, and/or the assets of any of the foregoing.

5. The Debtors, their estates, and their respective successors, predecessors, assigns, affiliates, officers, directors, shareholders, employees, attorneys, and agents are released and discharged from any claims, causes of action, suits, debts, obligations, liabilities, accounts, damages, defenses, or demands whatsoever, known or unknown, belonging to the Plaintiff arising from or related to the Ritz Action, except for those covered by the Insurance Policy and only to the extent that such are covered by the Insurance Policy.

6. Any and all proofs of claim filed by the Plaintiff, including Claim No. 224, are hereby disallowed and expunged in their entirety.

7. Any stay of this Order under Bankruptcy Rule 4001 or any similar rule is hereby waived for cause, and this Order shall be effective immediately upon entry on the Court's docket.

8. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of and/or interpretation of this Order.

Dated:

_____
Richard S. Schmidt
United States Bankruptcy Judge